## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF TEXAS
## FORT WORTH DIVISION

---

**NEW YORK LIFE INSURANCE
AND ANNUITY CORPORATION,**

       **Plaintiff,**

**v.**                                                          **CIVIL ACTION NO.** <u>4:21-cv-490</u>

**Barbara Brown Family Trust DTD 3/12/2010;
Barbara Jean Brown Living Trust DTD 3/12/2010;
Sharon Kay Britton and Ken Britton, as co-Trustees
of the Barbara Jean Brown Family Trust
DTD 3/12/2010; Barbara Jean Brown Living Trust
DTD 5/29/2018; Bob Shelton, as Trustee of
Barbara Jean Brown Living Trust DTD 5/29/2018,**

       **Defendants.**

---

## <u>COMPLAINT IN INTERPLEADER</u>

Plaintiff, New York Life Insurance and Annuity Corporation ("NYLIAC"), by and through its undersigned counsel, for its Complaint in Interpleader, alleges as follows:

### PARTIES

1.    NYLIAC is a corporation organized and existing under the laws of the State of Delaware with its principal place of business in New York. NYLIAC is duly authorized to do business in the State of Texas.

2.    Upon information and belief, a Barbara Brown Family Trust DTD 3/12/2010 was formed in the state of Arkansas.

3.    Upon information and belief, a Barbara Jean Brown Living Trust DTD 3/12/2010 was formed in the state of Arkansas.

4.      Upon information and belief, Defendant Sharon Kay Britton, co-trustee of the Barbara Brown Family Trust DTD 3/12/2010, is an adult citizen of North Carolina and domiciled in North Carolina.

5.      Upon information and belief, Defendant Ken Britton, co-trustee of the Barbara Brown Family Trust DTD 3/12/2010, is an adult citizen of North Carolina and domiciled in North Carolina.

6.      Upon information and belief, the Barbara Jean Brown Living Trust DTD 5/29/2018 was formed in the state of Arkansas.

7.      Upon information and belief, Defendant Bob Shelton, Trustee of the Barbara Jean Brown Living Trust DTD 5/29/2018, is an adult citizen of Texas and domiciled in Arlington, Texas.

### JURISDICTION AND VENUE

8.      This Court has jurisdiction under 28 U.S.C. § 1335 in that the adverse claimants are of diverse citizenship and the amount in controversy exceeds $500.00.  There is minimal diversity between the claimants under State Farm Fire & Casualty Co. v. Tashire, 386 U.S. 523 (1967).  Upon information and belief, the defendants are citizens of Arkansas, Texas and North Carolina.

9.      This Court also has jurisdiction under 28 U. S. C. § 1332, in that the parties are of diverse citizenship and the amount in controversy exceeds $75,000.00.  NYLIAC is a Delaware citizen for diversity purposes, and upon information and belief, the defendants are citizens of the defendants are citizens of Arkansas, Texas and North Carolina.

10.     Venue is proper in this federal district pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred in this district. Venue

is also proper in this Court pursuant to 28 U.S.C. § 1397 because one or more of the claimants resides in this judicial district.

## FACTS

11.     By Application dated August 23, 2010, Barbara Jean Brown (the "Annuitant") applied to NYLIAC for a Lifetime Income Annuity, designating herself as Owner and "Barbara Brown Family Trust DTD 3/12/2010" as primary beneficiary to the proceeds.[1] NYLIAC is in possession of a document entitled "Second Restatement of the Barbara Jean Brown Family Trust" dated 3/12/2010 (see paragraph 16, below).  *A copy of the Application dated August 23, 2010 is attached at **Exhibit A.***

12.     NYLIAC issued Lifetime Income Annuity Policy No. xxxx9460 ("Annuity A") with a policy date of September 21, 2010, the Annuitant as Owner and the Beneficiary as "Barbara Brown Family Trust 3-10-10.[2]"   *A copy of the Annuity A Contract is attached hereto as **Exhibit B.***

13.     By Application dated September 23, 2010, the Annuitant applied for a Lifetime Income Annuity, designating the "Barbara Jean Brown Living Trust" as Owner and primary beneficiary to the proceeds. *A copy of the Application dated September 23, 2010 is attached hereto as **Exhibit C.***

14.     The Application dated September 23, 2010 also contained an Identification and Verification Form dated September 23, 2010, which affirmed that the "Barbara Jean Brown Living Trust" with Date on Document as March 12, 2010 had been identified by the Agent who procured the application.  *Ex. C, p. 9.*

---

[1] On the Application, which was filled out by hand, the date of the Trust appears to have been written as "3/10/2010," and then changed to "3/12/2010."

[2] Upon information and Belief, the correct date of the Trust is 3/12/2010, as appears on the Application for Annuity A.

15.     The Application dated September 23, 2010 was accompanied by two trust documents: one entitled "Second Restatement of the Barbara Jean Brown Family Trust" and dated March 12, 2010 and the other entitled "Amendment and Restatement of The Barbara Jean Brown Trust of March 9, 1998" and dated June 8, 2006. *Ex. C., pp. 61, 81.*

16.     NYLIAC issued Lifetime Income Annuity Policy No. xxxx0198 ("Annuity B") with a Policy Date of September 30, 2010 and with the Barbara Jean Brown Living Trust as Owner and Beneficiary. *A copy of the Annuity B Contract is attached hereto as **Exhibit D**.*

17.     Upon information and belief, the Decedent died on August 27, 2018. *A copy of the Decedent's Certificate of Death is attached hereto as **Exhibit E.***

18.     As a result of the death of the Insured, Annuity A and Annuity B death benefits (collectively "Annuity Death Benefits") will become due to a beneficiary or beneficiaries and NYLIAC concedes liability to that effect.[3]

19.     By Claim Form dated March 6, 2019, Defendant Bob Shelton, as trustee of "Barbara Jean Brown Living Trust" dated May 29, 2018 ("2018 Living Trust")[4], asserted a claim to the Annuity Death Benefits. *The Claim Form dated March 6, 2019 is attached hereto as **Exhibit F.***

20.     Along with the Claim Form dated March 6, 2019, Bob Shelton provided a self-certified Certificate of Trust for the Barbara Jean Brown Living Trust "Dated May 29, 2018, which is the restatement of the trust dated March 9, 1998, restated on April 23, 2015, and restated on August 17, 2017 …".  He also provided pages 1 – 5 of a "Barbara Brown Living Trust," dated

---

[3] Annuity A and Annuity B are fixed annuities and remaining death benefits associated with those contracts are subject to accrued interest and will be calculated on the date of distribution. For reference, Annuity A death benefit would have been $14,058.27 and Annuity B death benefit would have been $33,187.56 if distributed on March 26, 2021.
[4] Amended 3/9/1998, 4/23/2015 and 8/17/2017.

"May __, 2018", which purports to be part of an amendment to the March 9, 1998 Living Trust, and page 34 of a document bearing the Signature of Barbara Jean Brown dated April 23, 2015. Id.

21.     There have been no other claims for the Annuity Death Benefits. Under the circumstances, NYLIAC cannot determine factually or legally who is entitled to the Annuity Death Benefits. By reason of the actual or potential claims of the interpleading defendants, NYLIAC is or may be exposed to multiple liability.

22.     NYLIAC is ready, willing, and able to pay the Annuity Death Benefits plus applicable interest, if any, in accordance with the terms of the Annuities to whomever this Court shall designate.

23.     As a mere stakeholder, NYLIAC has no interest (except to recover its attorneys' fees and cost of this action) in the Annuity Death Benefits and respectfully requests that this Court determine to whom the Annuity Death Benefits should be paid.

24.     NYLIAC accordingly will deposit into the Court the Annuity Death Benefits, plus applicable interest, if any, for disbursement in accordance with the judgment of this Court.

25.     The NYLIAC has no means other than this Interpleader action of protecting itself against multiple conflicting or potentially conflicting claims and/or possible multiple litigation on the part of the Defendants as to the Annuity Death Benefits.

26.     The NYLIAC has not brought this Complaint in Interpleader at the request of any of the Defendants. There is no fraud or collusion between NYLIAC and any of the Defendants. NYLIAC brings this Complaint of its own free will and to avoid being vexed and harassed by conflicting and multiple claims.

**WHEREFORE**, NYLIAC prays that the Court enter judgment:

(a)     requiring the Defendants to answer this Complaint in Interpleader and litigate their claims between themselves for the Annuity Death Benefits;

(b)     enjoining the Defendants from instituting or prosecuting any proceeding in any state or United States court affecting the Annuity Death Benefits and/or the Policy;

(c)     requiring that the Defendants settle and adjust between themselves, or upon their failure to do so, this Court settle and adjust the claims and determine to whom the Annuity Death Benefits should be paid;

(d)     permitting NYLIAC to deposit the amount of the Annuity Death Benefits, plus applicable interest, if any, into the Court or as this Court otherwise directs to be subject to the order of this Court and to be paid out as this Court shall direct;

(e)     discharging NYLIAC from any and all further liability to Defendants relating in any way to the Policy and/or the Annuity Death Benefits upon payment of the Annuity Death Benefits into the Registry of this Court or as otherwise directed by this Court;

(f)     awarding NYLIAC its attorneys' fees and costs in their entirety; and

(g)     awarding NYLIAC any other and further relief that this Court deems just and proper.

Dated: April 1, 2021                              Respectfully submitted,


                                                  By:   */s/ Sinead O'Carroll*
                                                        Sinéad O'Carroll
                                                        Texas State Bar No. 24013253
                                                        REEVES & BRIGHTWELL LLP
                                                        3711 S Mopac Expy, Bldg 1, Ste 500
                                                        Austin, Texas 78746
                                                        (512) 334-4500
                                                        (512) 334-4492 facsimile
                                                        socarroll@reevesbrightwell.com

                                                        *Counsel for Plaintiff New York Life Insurance and Annuity Corporation*