**NY LIFE INSURANCE AND**

**ANNUITY CORPORATION,**

       **Plaintiff**

                                      **AMENDED ORIGINAL ANSWER**

                                **CASE #    4:21-CV-00490-0**

                                **FILED:    04/01/2021**

**v.**

**Barbara Brown Family Trust DTD 3/12/2010;**
**Barbara Jean Brown Living Trust DTD 3/12/2010;**
**Sharon Kay Britton and Ken Britton, as co-Trustees**
**of the Barbara Jean Brown Family Trust**
**DTD 3/12/2010; Barbara Jean Brown Living Trust**
**DTD 5/29/2018; Bob Shelton, as Trustee of**
**Barbara Jean Brown Living Trust DTD 5/29/2018,**

          **Defendants**


**THE DEFENDANT'S AMENDED ANSWER and DEFENSES TO THE COMPLAINT**


**I.      The Parties Filing This Answer to the Complaint**

      Name                    Sharon Kay Britton and Ken Britton, as co-Trustees
                                     of the Barbara Jean Brown Family Trust

      Email Address          mrs.sharon.britton@gmail.com

                              mr.ken.britton@gmail.com


**II.     The Answer and Defenses to the Complaint**

      **A.     Answering the Claims for Relief**

          1)     We admit, based on internet search.

          2)     We admit the name of a ***Barbara Brown Family Trust*** dated 3/12/2010, was

1

named on NYLIAC annuity application number QW6281987 per Plaintiff's Exhibit A, Page ID 8, but deny knowledge of any trust document bearing that name. ***See Plaintiff's Exhibit A, Page ID 8.***

3)      We admit there is a trust named the **<u>Barbara Jean Brown Living Trust of March 9, 1998 as restated May 29, 2018</u>**.  We lack sufficient knowledge to state that name as being the trust name on March 12, 2010, as written on NYLIAC annuity application number QW6281717 on Plaintiff Exhibit C, Page ID 121.  ***See Plaintiff's Exhibit C, Page ID 121.***

       We admit knowledge of the name *Barbara **Jean** Brown* **Family** *Trust,* upon receipt on March 8, 2019, of a 9x12 white envelope addressed to *Barbara Jean Brown Family Trust*, 267 S Sunset Dr, Littleton, NC 27850, postmarked March 1, 2019, and containing a letter addressed "Dear Trustee(s), stapled to a packet, measuring 8 ½" x 11 ¾ ", entitled "Helping you through this difficult time".  ***Please see attached Britton Exhibit A.***

 On March 17, 2019, Sharon sent Bob Shelton, Trustee of The **<u>Barbara Jean Brown Living Trust of March 9, 1998 as restated May 29, </u>**, an email which detailed the contents of the New York Life Insurance mail. Mr. Shelton replied via email dated March 19, 2019.  I did nothing more as I did not wish to interfere with the Trustee's duties nor did the trust name of *Barbara **Jean** Brown* **Family** *Trust* register as a problem since Mr. Shelton had access to prior trust documents and could provide whatever was needed by NYLIAC.  ***Please see attached Britton Exhibit B.***

We deny any other knowledge, whether verbal or written, regarding the *Barbara Jean Brown* **Family** *Trust* until documents were delivered on April 5, 2021, via email from Grace Pyun of d'Arcambal, Ousley & Cuyler Burk LLP representing NYLIAC regarding its filed complaint. ***Please see attached Britton Exhibit C.***

4.     We admit Sharon Kay Britton is an adult, living in North Carolina. Sharon admits knowledge of Barbara naming Ken and Sharon as co-Trustees of a trust but denies any knowledge of its name or date of formation excepting the ***Plaintiff's Exhibit C, Page ID number 183***, the *Barbara Jean Brown* **Family** *Trust* of March 12, 2010.

5.     We admit Ken Britton is an adult, living in North Carolina.  Ken admits knowledge of Barbara naming Ken and Sharon as co-Trustees of a trust but denies any knowledge of its name or date of formation excepting the ***Plaintiff's Exhibit C, Page ID number 183***, the *Barbara Jean Brown* **Family** *Trust* of March 12, 2010.

6.     We admit knowledge of the **Barbara Jean Brown Living Trust of March 9, 1998 as restated May 29, 2018,** and that it, or any other names of Barbara Jean Brown's trust, were formed under the laws of the State of Arkansas and in the State of Arkansas at various locales, and that the current restatement of May 29, 2018, and the April 23, 2015, restatement as shown in Plaintiff's Exhibit F, were prepared by attorney John K. Ross, Ross & Shoalmire, licensed in Arkansas and Texas, at mailing address: 1820 Galleria Oaks Drive, Texarkana, TX 75503, and telephone 903-223-5653.  We will provide the Court with a copy of the BJB "Living Trust" as restated May 29, 2018, if the Court orders.

We deny knowledge, unless stated elsewhere in this document, regarding:

1)     the exact date of its formation;

2)     any other prior names;

3)     any amendments or restatements prior to the death of

Barbara Jean Brown; or

4)     any written content.

7.     We admit.

8.     We admit adverse citizenship but lack sufficient knowledge to admit or deny the rest.

9.     We admit adverse citizenship but lack sufficient knowledge to admit or deny the rest.

10.     We admit.

11.     We admit but lack sufficient knowledge to admit or deny the existence of any trust named ***Barbara Brown Family Trust***.  See Answer 2.  This application states that the "Lifetime Income Annuity" is a "Qualified Annuity Plan" with a "Plan Type" as an IRA which may necessitate a speedy resolution of this case.  **See Plaintiff Exhibit A, Page ID 11.**

12.     We admit NYLIAC issued a Lifetime Income Annuity Policy but due to the policy number being redacted, we lack sufficient knowledge to admit or deny the policy number.  The redacted policy number in Plaintiff's Exhibit B is shown as: ▇ 9 60, which is different than "No. xxxx9640" as shown in the Complaint. **See Plaintiff Exhibit B, Page ID 85 and 88.**

We deny knowledge of any trust document bearing the name of the ***Barbara Brown Family Trust,*** see answer 2.

Additionally:

1)   There is an Endorsement to the Policy which states, "This policy is issued in place of policy ██9 460, issued September 22, 2010". **See Plaintiff Exhibit B, Page ID 97;**

2)   There is an Endorsement to the Policy entitled "Individual Retirement Annuity Endorsement." **See Plaintiff Exhibit B, Page ID 86 and Exhibit B, Page ID 99.**

3)   On September 3 and 4, 2018, while preparing an inventory of decedent's personal papers found in a bank safe box and a home safe, I, Sharon Britton, found no document or piece of paper that referenced the Application to NYLIAC or the Policy xxxx9640.

4)   In same inventory of papers, several statements and one policy with Policy # ██0272 were found but later determined by ██ Brown, beneficiary, in contact with Gina Cromwell, Agent, NY Life & Annuity, Little Rock, Arkansas, as cancelled in 2015 by Barbara Jean Brown, the decedent.

5)   In same inventory of papers, a single-pane window envelope with a return address of NY Life Securities LLC contained a letter dated November 17, 2011, regarding "Notification of Death Depending on Type of Trust", addressed to the **<u>Barbara Jean Brown Living Trust</u>**, annuitant: Barbara Jean Brown, Policy # ██7638.  The actual policy was not found in the bank safe box or the home safe.

6)      Both inventories were emailed to Trustee Bob Shelton on

September 8, 2018 and Microsoft Excel spreadsheets of the

Bank safe box and the home safe inventories were emailed

to Trustee Bob Shelton on September 12, 2018.

We admit to the remainder of Paragraph 12.

13.      We admit per material in **Plaintiff Exhibit C**.

14.      We admit per material in **Plaintiff Exhibit C, Page ID 129**.

15.      We admit per material in **Plaintiff Exhibit C, Pages 61 & 81.**

16.      We admit per material in **Plaintiff Exhibit D**.  In the inventories of Barbara Jean

Brown papers, Policy # xxxx0198 was in the home safe.  I, Sharon Britton, performed

those inventories on September 3 and 4, 2018, at the home of decedent, my mother, and

her spouse, my dad.

17.      We admit and Sharon was present at her death.

18.      We admit "Annuity Death Benefits are payable to Bob Shelton as Trustee of

the **Barbara Jean Brown Living Trust of March 9, 1998 as restated on May 29, 2018.**

19.      We admit per material in **Plaintiff Exhibit F.**

20.      We agree with the entirety of the paragraph but note:

1)      We have no prior knowledge of any original or restatements of

the **Barbara Jean Brown Living Trust of March 9, 1998,** excepting

the restatement of May 29, 2018.  I, Sharon, found several older-dated

6

trust documents in the bank safe deposit of Barbara Jean Brown upon her death but examined them only for dates, then listing on the inventory with the description of: "There were several envelopes of OLD drafts and/or final copies of trusts that had been replaced by the new one, the **Barbara Jean Brown Living Trust of March 9, 1998 as restated on May 29, 2018**.  Those "several envelopes" were returned to the banker boxes for the Trustee Bob Shelton to examine at a later time."  ***Please see attached Britton Exhibit D.***

2)      We agree that Bob Shelton provided exact copies of pages 1 and 5 of the **Barbara Jean Brown Living Trust of March 9, 1998 as restated on May 29, 2018**.  Due to pages 2 and 3, missing from Plaintiff's Exhibit F, possibly due to redaction, we can neither agree nor deny.  We deny page 4 of Plaintiff's Exhibit F being an exact copy, possibly due to redaction.

3)      We agree that page 34 in Plaintiff Exhibit F Page ID 289 is dated April 23, 2015.  The applicable signatory and notary pages, 34 and 35, of the **Barbara Jean Brown Living Trust of March 9, 1998, as restated on May 29, 2018,** are attached.  ***Please see attached Britton Exhibit E.***

4)      Plaintiff Exhibit F, Page ID 290, trust document page A-1, is not the Schedule A of the Trust restated May 29, 2018.  However, it is probably not important since the only difference is the addition of real estate.

21.     We lack sufficient knowledge to admit or deny but state we have not nor do we intend to make claim for the Annuity Death Benefits with NYLIAC.  We rely on the fiduciary duties of named Trustee Bob Shelton to make required distribution of qualified and non-qualified benefits to all beneficiaries of the Trust per the terms of the Trust.

22.     We agree.

23.     We agree.

24.     We agree.

25.     We lack sufficient knowledge to admit or deny.

26.     We lack sufficient knowledge to admit or deny excepting our personal knowledge that we participated in no fraud or collusion with either the Plaintiff or the Defendant Bob Shelton.


## ANSWER TO PLAINTIFF'S PRAYER FOR JUDGEMENT

As to Paragraphs (a), (c) through (e), we, Sharon and Ken Britton, agree.

As to Paragraph (b), we, Sharon and Ken Britton, agree to not institute or prosecute NYLIAC in any state or United States court affecting the Annuity Death Benefits and/or the Policy; however, upon release of the Annuity Death Benefits to Bob Shelton, Trustee of the Barbara Jean Brown Living Trust of March 9, 1998 as restated May 29, 2018, Sharon and Ken Britton, reserve all legal and constitutional rights, as individuals and beneficiary of the Barbara Jean Brown Living Trust of March 9, 1998 as restated May 29, 2018, against Trustee Bob Shelton, his attorneys, agents or persons in a position of fiduciary, or non-fiduciary, position, in any state or United States court, in matters of

8

the management, accounting, investment, distribution or any other action whether acting as Trustee of the aforementioned Trust or as an individual.

As to Paragraphs (f) through (g), we agree and disfavor any continuing action in this case by Trustee Bob Shelton since same will further diminish the funds of the Barbara Jean Brown Living Trust of March 9, 1998, as restated May 29, 2018.  Further, we rely on the Court's decision for reasonable awards of attorney fee and costs or any other relief to NYLIAC and agree to that award being paid from funds on deposit with the Court.

## AFFIRMATIVE DEFENSES

Defendants, Sharon and Ken Britton, having no knowledge, except as stated in this Answer, of any conflict or delay between Plaintiff NYLIAC and Defendant Bob Shelton, acted at all times in good faith and expeditiously, in accordance with applicable law, and without knowledge of any wrongful acts or intent.

## PRAYER FOR RELIEF

Wherefore, the Defendants Sharon Kay Britton and Ken Britton pray for relief as follows:

1.      Immediate disbursement of any Annuity Death Benefits to Bob Shelton, Trustee of the Barbara Jean Brown Living Trust of March 9, 1998, as restated May 29, 2018, so that the funds of the aforementioned Trust are not at further risk by continuation of this case.

2.      For the Court's wisdom and discernment regarding any award of attorney fees and costs to either the Plaintiff NYLIAC or Defendant Bob Shelton.

3.      For the Court's wisdom and discernment of facts presented by the Defendants,

Sharon Kay Britton and Ken Britton, finding we lacked knowledge of contentions and delays, between the Plaintiff and Defendant Bob Shelton, until April 5, 2021, and we therefore ask that any award of relief for any attorney fees, expenses or other costs and relief, be dismissed against Sharon Kay Britton and Ken Britton.


Dated: June 5, 2021                         Respectfully,

                                            s/ Sharon Kay Britton
                                            Sharon Kay Britton, co-Trustee
                                            Barbara Jean Brown Family Trust
                                            267 South Sunset Dr
                                            Littleton, NC   27850
                                            (252) 586-7447
                                            mrs.sharon.britton@gmail.com

                                            s/ Ken Britton
                                            Ken Britton, co-Trustee
                                            Barbara Jean Brown Family Trust
                                            267 South Sunset Dr
                                            Littleton, NC   27850
                                            (252) 586-7447
                                            mr.ken.britton@gmail.com