## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## FORT WORTH DIVISION

| | | |
|---|---|---|
| **NEW YORK LIFE INSURANCE AND ANNUITY CORPORATION,** | ' | |
| | ' | |
| **Plaintiff,** | ' | |
| | ' | |
| **v.** | ' | |
| | ' | |
| **BARBARA BROWN FAMILY TRUST DTD 3/12/2010; BARBARA JEAN BROWN LIVING TRUST DTD 3/12/2010; SHARON KAY BRITTON AND KEN BRITTON, AS CO-TRUSTEES OF THE BARBARA JEAN BROWN FAMILY TRUST DTD 3/12/2010; BARBARA JEAN BROWN LIVING TRUST DTD 5/29/2018; BOB SHELTON, AS TRUSTEE OF BARBARA JEAN BROWN LIVING TRUST DTD 5/29/2018,** | ' | **Civil Action No. 4:21-cv-00490-O** |
| | ' | |
| **Defendants.** | ' | |

---

## JOINT REPORT REGARDING CONTENTS OF SCHEDULING ORDER

---

TO THE HONORABLE UNITED STATES DISTRICT COURT JUDGE O'CONNOR:

NOW COME Bob Shelton, as Trustee of Barbara Jean Brown Living Trust DTD 5/29/2018, Sharon Kay Britton and Ken Britton, as Co-Trustees of the Barbara Jean Brown Family Trust DTD 3/12/2010, and New York Life Insurance and Annuity Corporation ("NYLIAC"), by and through their counsel of record, and submit this, their Joint Report Regarding Contents of Scheduling Order.

1

All parties participated in the preparation of this Joint Status Report and are in agreement with its contents as stated herein.

1.      **Statement of claims and defenses:**

*__Plaintiff New York Life Insurance and Annuity Corporation ("NYLIAC"):__*

As a result of the death of Barbara Jean Brown (the "Annuitant"), Annuity Death Benefits have become payable to the beneficiary or beneficiaries of two annuities issued by NYLIAC: Lifetime Income Annuity Policy No. xxxx9460 ("Policy A") and Lifetime Income Annuity Policy No. xxxx0198 ("Policy B").   By Application dated August 23, 2010, the Annuitant designated the "Barbara Brown Family Trust 3-10-10"[1] as beneficiary to Policy A proceeds.   By Application dated September 23, 2010, the Annuitant designated the "Barbara Jean Brown Living Trust", identified with a date on document as March 12, 2010, as beneficiary to the Policy B proceeds. Defendant Bob Shelton, as trustee of the Barbara Jean Brown Living Trust of 5/29/2018, has asserted a claim to both Policy A and Policy B death benefits.   The Application dated September 23, 2010 was accompanied by two trust documents: one entitled "Second Restatement of the Barbara Jean Brown Family Trust" and dated March 12, 2010 and the other entitled "Amendment and Restatement of the Barbara Jean Brown trust of March 8, 1998" and dated June 8, 2006. There are actual or potential conflicting claims to the Annuity Death Benefits and exposes NYLIAC to multiple liability. NYLIAC has previously deposited the Annuity Death Benefits into the registry of the Court. As a mere stakeholder, NYLIAC has no interest in the Annuity Death

---

1 On the Application, which was filled out by hand, the date of the Trust appears to have been written as "3/10/2010 and then changed to "3/12/2010."

Benefits, except to recover its attorneys' fees and costs incurred in this action, and seeks to be discharged and dismissed from the action.

### *Defendant, Bob Shelton, as Trustee of the Barbara Jean Brown Living Trust DTD 5/29/2018*:

It is the position of Bob Shelton, as Trustee of the Barbara Jean Brown Living Trust DTD 5/29/2018 that he is entitled to the proceeds of the Interpleaded funds as well as interest on these funds and his costs and attorneys' fees. It is further the position of Bob Shelton, as Trustee of the Barbara Jean Brown Living Trust DTD 5/29/2018, that NYLIAC is not entitled to attorney's fees and costs they have incurred in this action.

### *Defendants, Sharon Kay Britton and Ken Britton, as Co-Trustees of the Barbara Jean Brown Family Trust DTD 3/12/2010*:

Sharon Kay Britton and Ken Britton, sued as Co-Trustees of the Barbara Jean Brown Family Trust DTD 3/12/2010 (the "Family Trust), are not aware of the existence of the Family Trust or of the Barbara Jean Brown Living Trust DTD 3/12/2010. If the Family Trust exists, Sharon Kay Britton and Ken Britton relinquish any and all claims the Family Trust has to the Annuity Death Benefits and agree to the payment of the Annuity Death Benefits to the Barbara Jean Brown Living Trust DTD 5/29/2018.

### *Defendant the Barbara Jean Brown Living Trust dated 3/12/2010*

The parties have not been able to identify the trust document entitled the Barbara Jean Brown Living Trust bearing the date of 3/12/2010 or confirm the existence of said trust or its named trustee and therefore agree to stipulate that it does not exist.

3

**2.     Proposed time limit to file motions for leave to join other parties:**

The parties do not anticipate adding other parties to this action but nonetheless propose that any motions for leave to join other parties should be filed by September 10, 2021.

**3.     Proposed time limit to amend pleadings:**

The parties propose the deadline for amendments to the pleadings should be September 10, 2021 for Plaintiff and September 29, 2021 for Defendants.

**4.     Proposed time limits to file various types of motions:**

The parties propose the deadline for filing various types of motions, including dispositive motions should be March 15, 2022.

**5.     Proposed time limit for initial designation of experts:**

The parties propose the initial designation of experts by Plaintiff should be December 5, 2021, for Plaintiff and January 4, 2022, for Defendant.

**6.     Proposed time limit for responsive designation of experts:**

If needed, the parties propose as a deadline for responsive designation of experts as January 18, 2022, for Plaintiff and February 19, 2022, for Defendants.

**7.     Proposed time limit for objections to experts (i.e., *Daubert* and similar motions):**

The parties propose as the deadline for filing objections to experts as March 15, 2022.

**8**.     **Proposed plan and schedule for discovery (statement of subjects on which discovery may be needed, time limit for to complete factual discovery and expert discovery, statement of whether discovery should be conducted in phases or limited to or focused upon particular issues):**

The parties anticipate conducting discovery concerning the allegations, causes of action and defenses raised by the respective parties.   In particular, the parties anticipate conducting discovery to determine the proper party to receive the proceeds (including interest) of the

4

Interpleaded funds as well as the issue of the proper party or parties to recover their costs and attorneys' fees.

The parties anticipate this discovery will be completed by February 15, 2022. The parties do not see a need at this time to put restrictions on how the discovery is to be conducted separate and apart from the limitations placed by the Federal Rules of Civil Procedure and the Local Rules of the Northern District of Texas.

**9.      What changes should be made in limitations on discovery imposed under these rules or by local rule, and what other limitations should be imposed:**

The parties do not suggest any changes be made to the limitations in the Federal Rules of Civil Procedure and the Local Rules of the Northern District of Texas.

**10.     Proposed means for disclosure or discovery of electronically stored information ("ESI") and statement of any disputes regarding disclosure or discovery of ESI:**

**Regarding Federal Rule of Civil Procedure 26(f)(3)(C)**: The parties anticipate that the majority of documents and information to be produced in discovery are stored and used in electronic formats in the ordinary course of business.   This includes documents and electronically stored information (ESI) regarding claims handling and relevant and nonprivileged email communications. The parties are not aware of any issues concerning the preservation, identification, disclosure, discovery, or cost of production of ESI at this time.   To the extent that ESI is produced, the parties agree to the following general procedures.

      a.       **Search methodology**.   The Parties recognize and agree that there are many valid ways to search for and retrieve ESI, and the parties agree that absent a showing of specific need and good cause, the responding party is best situated to evaluate the procedures, methodologies, and technologies appropriate for preserving, identifying, and producing its own ESI.   The parties agree to meet and confer about any specific issues related to search that may arise.

b.      **Format**. The default production format for unstructured discoverable ESI will be searchable static image formats such as single-page TIFF or JPEG images (300 DPI) or PDF with an embedded text layer.   The default production format for structured discoverable ESI will be in reasonably usable standard report formats available in the ordinary course of business. A party may produce ESI that not is easily converted to image format, such as video or audio files, in other reasonably usable electronic formats.

The parties agree to meet and confer about the need and format of any additional custodians, search terms, or other ESI-related issues.

**11.      Any proposals regarding handling and protection of privileged or trial-preparation material that should be reflected in a Court Order:**

If it becomes necessary, the parties will submit a proposed, Agreed Protective Order to the Court to protect confidential documents and information exchanged during the discovery process.

**12.      Proposed trial date, estimated number of days required for trial and whether jury has been demanded:**

The parties propose as the trial date of June 13, 2022, but NYLIAC, as neutral stakeholder to the proceeds, anticipates being dismissed from the action prior to the trial date.   Based on the current status of the case, the parties anticipate the trial of this case will take 1-2 days.   A jury has not been demanded by any party at this time.

**13.      Proposed date for further settlement negotiations:**

At this time, a settlement has not been reached, but parties anticipate addressing a possible settlement of this action by June 11, 2021, if necessary, will revisit the issue of settlement throughout the discovery process.

14.   **Objections to Fed. R. Civ. P.26(a)(1) asserted at Scheduling Conference, and other proposed modifications to timing, form or requirement for disclosures under Rule 26(a), including statement as to when disclosures under Rule 26(a)(1) were made or will be made:**

The parties have no objection to the requirements of Rule 26(a)(1) and will have exchanged Initial Disclosures by June 30, 2021.

15.   **Whether the parties will consent to trial (jury or non-jury) before U.S. Magistrate Judge:**

The parties do not consent to a trial before U.S. Magistrate Judge.

16.   **Whether parties are considering mediation or arbitration to resolve this litigation and statement of when it would be most effective (e.g., before discovery, after limited discovery, after motions are filed, etc.), and, if mediation is proposed, the name of any mediator the parties jointly recommend to mediate the case:**

At this point, the parties do not see the need for mediation.   However, if needed at some point in time in the future, the parties will strive to informally agree to a mediation at the request of either party and will select a mediator by agreement. If unable to reach an agreement in the above regards, the party seeking mediation will file an appropriate motion to compel mediation before the deadline for the filing of motions.

17.   **Any other proposals regarding scheduling and discovery that the parties believe will facilitate expeditious and orderly preparation for trial:**

The parties do not have any additional proposals.

18.   **Whether a conference with the Court is desired:**

None of the parties desires a conference with the Court at this time.

19.   **Any other matters relevant to the status and disposition of this case, including any other Orders that should be entered by the Court under R. 16(b) and (c) and 26(c):**

There are no matters which need to be brought to the Court's attention at this time which will assist in the disposition of this action.

20.     **Status of settlement negotiations:**

NYLIC, as neutral stakeholder, does not take any position of the proper beneficiaries and seeks relief in Interpleader to be dismissed from the action.   As stated in Paragraph 1 of this Joint Report, Defendants Sharon Kay Britton and Ken Britton are willing to relinquish any and all claims the Family Trust has to the Annuity Death Benefits and agree to the payment of the Annuity Death Benefits to the Barbara Jean Brown Living Trust DTD 5/29/2018.   The parties have engaged in settlement discussions and will continue to do so throughout the progression of this matter.


Respectfully submitted,


/s/ Harvey G. Joseph
HARVEY G. JOSEPH
State Bar No. 11027850
**LAW OFFICES OF HARVEY G. JOSEPH**
P.O. Box 810485
Dallas, Texas 75381-0485
(214) 769-6078 (telephone)
(214) 426-1246 (facsimile)
hjoseph197@aol.com
ATTORNEY FOR BOB SHELTON, AS TRUSTEE OF  BARBARA JEAN BROWN LIVING TRUST DTD 5/29/2018

/s/ Linda G. Moore
LINDA G. MOORE
State Bar No. 14359500
**ESTES THORNE & CARR PLLC**
3811 Turtle Creek Blvd. Suite 2000
Dallas, Texas 75219
(214) 599-4000 (telephone)
(214) 599-4099 (facsimile)
lmoore@estesthornecarr.com
ATTORNEY FOR NEW YORK LIFE INSURANCE AND ANNUITY CORPORATION


/s/ Sharon Kay Britton
SHARON KAY BRITTON
267 South Sunset Dr.
Littleton, NC 27850
(252) 586-7447 (telephone)
mrs.sharon.britton@gmail.com
CO-TRUSTEE OF THE BARBARA JEAN BROWN FAMILY TRUST DTD 3/12/2010

/s/ Ken Britton
KEN BRITTON
267 South Sunset Dr.
Littleton, NC 27850
(252) 586-7447 (telephone)
mr.ken.britton@gmail.com
CO-TRUSTEE OF THE BARBARA JEAN BROWN FAMILY TRUST DTD 3/12/2010

## CERTIFICATE OF SERVICE

I certify that on June 8, 2021, the forgoing Joint Report was electronically filed with the Clerk of the Court using the electronic case filing system of the Court and served by electronic means on the following ECF registrant:

Harvey G. Joseph                          Sharon Kay Britton
Law Offices of Harvey G. Joseph           267 South Sunset Dr.
P.O. Box 810485                           Littleton, NC 27850
Dallas, Texas 75381-0485

Ken Britton
267 South Sunset Dr.
Littleton, NC 27850


/s/ *Linda G. Moore*
Linda G. Moore

9