UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

---

**NEW YORK LIFE INSURANCE
AND ANNUITY CORPORATION,**

        **Plaintiff,**                      Case No.: 4:21-cv-490-O

v.

**Barbara Brown Family Trust DTD 3/12/2010;
Barbara Jean Brown Living Trust DTD 3/12/2010;
Sharon Kay Britton and Ken Britton, as co-Trustees of the
Barbara Jean Brown Family Trust DTD 3/12/2010;
Barbara Jean Brown Living Trust DTD 5/29/2018; Bob Shelton,
as Trustee of Barbara Jean Brown Living Trust DTD 5/29/2018,**

        **Defendants.**

---

**PLAINTIFF'S MOTION FOR
INTERPLEADER RELIEF AND SUPPORTING BRIEF**

Plaintiff, New York Life Insurance and Annuity Corporation (the "NYLIAC"), by and through its undersigned counsel, having interpleaded the funds with the Registry of the Court (ECF Doc. No. 13), submits this Motion and supporting brief for an Order granting relief in Interpleader pursuant to 28 U.S.C. §§ 1335(a)(2) and 2361 and Rules 22 and 67 of the Federal Rules of Civil Procedure as follows: (1) discharging NYLIAC of all liability and dismissing with prejudice all claims against NYLIAC relating to the death benefits at issue and/or otherwise in connection with the decedent's insurance coverage at issue; (2) enjoining the Defendants from instituting or prosecuting any claims or actions in any forum against NYLIAC seeking payment of the death benefits at issue and/or otherwise in connection with the coverage at issue; (3) dismissing NYLIAC from this action, with prejudice; and (4) awarding NYLIAC its attorneys' fees and costs.

1

## I. PRELIMINARY STATEMENT

NYLIAC's Complaint in Interpleader centers on two annuity policies that were issued to Barbara Jean Brown (the "Annuitant"): (1) Annuity Policy No. XXXX 9460 with a Policy Date of September 21, 2010; and (2) Annuity Policy No. XXXX0198 with a Policy Date of September 30, 2010. NYLIAC faces competing claims to the death benefits due under these two policies (collectively the "Annuity Death Benefits") as a result of the death of the Annuitant. Defendant Bob Shelton, as trustee of the Barbara Jean Brown Living Trust dated May 29, 2018 ("2018 Living Trust"), asserts a claim to the Annuity Death Benefits but is not the named beneficiary of record under the two annuity policies at issue. NYLIAC was not able to verify Bob Shelton's claim that the May 2018 Living Trust is entitled to the Annuity Death Benefits and commenced this action on April 1, 2021 seeking relief in Interpleader naming the 2018 Living Trust; the beneficiary of record to Annuity Policy No. XXXX9460, the Barbara Brown Family Trust DTD 3/12/2010; and the beneficiary of record to Annuity Policy No. XXXX0198, the Barbara Jean Brown Living Trust DTD 3/12/2010 ("2010 Living Trust").

Upon disclosure of additional facts as a result of the pleadings and the parties' discussions of this matter, NYLIAC has determined that the 2010 Living Trust likely does not exist and that "Barbara Brown Family Trust DTD 3/12/2010," is most likely to be the "Barbara *Jean* Brown Family Trust DTD 3/12/2010" (emphasis added) of which the Defendants Sharon and Ken Britton are the trustees. As such, the "Barbara Jean Brown Family Trust DTD 3/12/2010" ("2010 Family Trust") and the 2018 Living Trust are the remaining entities with competing claims to the Annuity Death Benefits. As indicated by their Answers (ECF Doc. Nos. 17-18) and the Parties' filed Joint Report (ECF Doc. No. 20), Defendants Sharon and Ken Britton, as trustees of the 2010 Family Trust, are willing to disclaim the trust's right to receive the Annuity Death Benefits and agree to

2

the distribution the Annuity Death Benefits to the May 2018 Living Trust. However, Defendant Bob Shelton, as trustee of the 2018 Living Trust, refuses to enter into settlement with the parties to accept the Annuity Death Benefits.

NYLIAC as neutral and innocent stakeholder of the Annuity Death Benefits, did not cause the competing claims that have arisen from this action and having already deposited the proceeds at issue with the Registry of the Court pursuant to the Court's Order (ECF Doc. No. 13), is entitled to Interpleader relief, including discharge of NYLIAC of all liability relating to the payment of the interpleaded funds or otherwise in connection with the Annuity policies at issue, dismissal from this action, and its attorneys' fees and costs.

## II. FACTUAL BACKGROUND

By Application dated August 23, 2010, the Annuitant applied for and was issued Annuity Policy No. XXXX 9460 with a Policy Date of September 21, 2010 ("Policy A"). In the Application for Policy A, the Annuitant designated herself Owner and the "Barbara Brown Family Trust DTD 3/12/2010" as primary beneficiary to the Policy A proceeds.[1] By Application dated September 23, 2010, the Annuitant applied for and was issued Annuity Policy XXXX0198 with a Policy date of September 30, 2010 ("Policy B). In the Application for Policy B, the Annuitant designated the "Barbara Jean Brown Living Trust" as the owner of Policy B and primary beneficiary of the Policy B Proceeds. The Application for Policy B also contained an Identification and Verification Form dated September 23, 2010, which affirmed that the "Barbara Jean Brown Living Trust" with Date on Document as March 12, 2010 had been identified by the Agent who procured the application. NYLIAC has two trust documents on file with respect to the Annuitant: one entitled "Second Restatement of the Barbara Jean Brown Family

---

[1] On the Application, which was filled out by hand, the date of the Trust appears to have been written as "3/10/2010," and then changed to "3/12/2010." NYLIAC is in possession of a document entitled "Second Restatement of the Barbara Jean Brown Family Trust" dated 3/12/2010, which is attached as Exhibit C to the Complaint in Interpleader (ECF Doc. No. 1).

3

Trust" and dated March 12, 2010 and the other entitled "Amendment and Restatement of The Barbara Jean Brown Trust of March 9, 1998" and dated June 8, 2006.  There is a discrepancy between the beneficiary designation in the Application dated August 23, 2010 naming "Barbara Brown Family Trust DTD 3/12/2010" and the document entitled "Barbara Jean Brown Family Trust" dated 3/12/2010 that was attached to the Application.  Upon information and belief, NYLIAC has not been able to confirm the existence of the Barbara Brown Family Trust DTD 3/12/2010 and believes that the beneficiary designation in the Application refers to the "Barbara Jean Brown Family Trust" dated 3/12/2010 for which Defendants Sharon and Ken Britton are co-trustees.

The Annuitant died on or about August 27, 2018 and as a result of her death, Annuity Death Benefits became due to a beneficiary or beneficiaries and NYLIAC concedes liability to that effect.  By Claim Form dated March 6, 2019, Defendant Bob Shelton, as trustee of "Barbara Jean Brown Living Trust" dated May 29, 2018 (previously defined as the "2018 Living Trust")[2], asserted a claim to the Annuity Death Benefits.  Along with the Claim Form dated March 6, 2019, Bob Shelton provided a self-certified Certificate of Trust for the Barbara Jean Brown Living Trust "Dated May 29, 2018, which is the restatement of the trust dated March 9, 1998, restated on April 23, 2015, and restated on August 17, 2017 …".  He also provided pages 1 – 5 of a "Barbara Brown Living Trust," dated "May __, 2018", which purports to be part of an amendment to the March 9, 1998 Living Trust, and page 34 of a document bearing the Signature of Barbara Jean Brown dated April 23, 2015.

### III.     RELEVANT PROCERAL HISTORY

Because NYLIAC was factually or legally unable to determine who would be entitled to the Annuity Death Benefits, NYLIAC filed a Complaint in Interpleader ("Interpleader Action") requesting relief from this Court.  (ECF Doc. 1).  On or about May 10, 2021, pursuant to the Court's Order (ECF

---

[2] Amended 3/9/1998, 4/23/2015 and 8/17/2017.

4

Doc. No. 13) NYLIAC has deposited two checks with the registry of the Court:(1) one in the amount of $14,436.86 representing Policy A Death Benefits plus applicable interest; and (2) another in the amount of $34,081.36 representing Policy B Death Benefits plus applicable interest with the registry of the Court, for a total sum of $48,518.22.

On May 10, 2021, Defendant Bob Shelton filed an Answer to the Complaint (ECF Doc. No 14). Pursuant to the Court's Order dated May 11, 2021, the appeared parties held a Rule 26(f) meeting on or about May 25, 2021 to discuss submission of the Joint Report and potential resolution of the Interpleader Action. On June 1, 2021, Defendants Sharon Kay Britton ("Sharon") and Ken Britton ("Ken"), as trustees for the Barbara Jean Brown Family Trust dated March 12, 2010, filed their Answer to the Complaint (ECF Doc. No. 17). On June 8, 2021, Sharon and Ken filed an amended Answer to the Complaint (ECF Doc. No. 18) ("Amended Answer"). In their Amended Answer, Sharon and Ken state that they "disfavor any continuing action in this case by Trustee Bob Shelton since same will further diminish the funds of the Barbara Jean Brown Living Trust of March 9, 1998, as restated May 29, 2018" and request "[i]mmediate disbursement of any Annuity Death Benefits to Bob Shelton, Trustee of the Barbara Jean Brown Living Trust of March 9, 1998, as restated May 29, 2018." (ECF Doc. No. 18, pp. 8-9). On June 8, 2021, the parties filed a Joint Report (ECF Doc. No. 20), stating that the parties would continue their settlement discussions, but to date, Defendant Bob Shelton has refused to agree to the distribution of Death Benefits to the 2018 Living Trust.[3]

---

[3] Efforts by NYLIAC to settle the matter include a letter dated June 2, 2021 to counsel for Defendant Bob Shelton requesting that his client accept Sharon and Ken's offer to stipulate to the distribution of the Death Benefits to the 2018 Living Trust.

The remaining potential competing claimant to this action, Defendant the Barbara Jean Brown Living Trust dated 3/12/2010 and its trustee, has not been identified and it is likely that such trust does not exist.[4]

## IV. LEGAL ARGUMENT

### 1. Interpleader is the Appropriate Remedy when a Stakeholder is Faced with Competing Claims

The equitable remedy of interpleader, originating in the common law courts, has existed for over 600 years to afford relief from duplicative claims upon a single liability. *Corrigan Dispatch Co. v. Casa Guzman, S.A.,* 696 F.2d 359, 363-364 (5th Cir. 1983). Federal interpleader rules are "liberally construed to protect the stakeholder from the expense of defending twice, as well as to protect him from double liability." *In re Bohart*, 743 F.2d 313, 325 (5th Cir. 1984) (*citing New York Life Ins. Co. v. Welch*, 297 F.2d 787, 790 (D.C. Cir. 1961)).

It is well-settled in the Fifth Circuit that an action in interpleader is "designed to protect a stakeholder . . . from the possibility of multiple claims upon a single fund." *In re Bohart*, 743 F.2d at 324; *see also Wausau Insur. Co. v. Gifford*, 954 F.2d 1098, 1100-01 (5th Cir. 1992) (citing Wright, Miller & Kane, *Federal Practice and Procedure* for the proposition that interpleader is an appropriate remedy where a stakeholder "legitimately fears multiple vexation directed against a single fund"); *Principal Life Insur. Co. v. Chandler*, 2008 WL 69713 (E.D.La. Mar 13, 2008) at *1, citing *Tittle v. Enron Corp.*, 463 F.3d 410 (5th Cir. 2006).

The present action was filed because NYLIAC faced potentially conflicting claims based on the beneficiaries of record of Policy A and Policy B, the Barbara Brown Family Trust dated 3/12/2010 and the Barbara Jean Brown Living Trust dated 3/12/2010 on one hand, and an actual claim from Bob

---

[4] Sharon and Ken have represented that they are unaware of the existence of the Barbara Jean Brown Living Trust dated March 12, 2010, consistent with their Amended Answer (ECF No. 18).

6

Shelton, as trustee of the Barbara Jean Brown Living Trust dated May 29, 2018. Prior to the filing of this Interpleader Action, NYLIAC requested additional documentation from Bob Shelton seeking verification of his claim on behalf of the Barbara Jean Brown Living Trust dated May 29, 2018 and information in connection with the named beneficiary trusts of record for Policy A and Policy B. The initial documentation submitted with his claim, including a self-certified Certificate of Trust and excerpts from the 2018 Living Trust, were insufficient for NYLIAC to make a determination of his claim and requested additional information. Instead of submitting this information, Defendant Bob Shelton threatened imminent litigation if the death benefits were not paid to him. Faced with prospect of multiple liability and conflicting beneficiary designations, NYLIAC was compelled to institute the instant Interpleader Action. The Remedy of Interpleader was specifically designed to prevent an innocent stakeholder from having to make such determinations at its peril. The funds have been deposited with the Court and the Court is in the best position to determine which Defendant is entitled to the proceeds.

### 2. This Court May Dismiss NYLIAC and Permanently Enjoin Claimants From Commencing Any Future Actions Against NYLIAC for Payment of the Death Benefits

NYLIAC also seeks an Order pursuant to Fed. R. Civ. P. Rule 22 and 28 U.S.C. §2361 dismissing NYLIAC from this action with prejudice and discharging NYLIAC from any further liability in connection with the Policy A and Policy B upon payment of the Death Benefits with the Court. Upon payment of the Death Benefits into the Court's Registry, it follows that NYLIAC should be dismissed from this case, having no independent interest in the funds. *Shelter Life Ins. Co.*, 2010 WL 200013, at *4. An interpleader action protects a disinterested stakeholder against liability to a claimant who argues that it should have been awarded the disputed funds. *Id.* at *5; *Prudential Ins. Co. of America v. Hovis*, 553 F.3d 258, 265 (3d. Cir. 2009) (affirming dismissal of the stakeholder

7

because claimant's counterclaims were based on the insurance company's failure to resolve the dispute in the claimant's favor).

NYLIAC, having already deposited the funds with the registry of the Court, is entitled to dismissal in this case. The only parties with an interest in the Annuity A and Annuity B Death Benefits are Sharon and Ken, as trustees of the Barbara Jean Brown Family Trust dated March 12, 2010 and Defendant Bob Shelton, as trustee of the Barbara Jean Brown Living Trust dated May 29, 2018, who would remain parties to this action. NYLIAC, as a neutral stakeholder who has acted in good faith with respect to the Defendants, has no interest in how this Court ultimately determines their respective rights. Therefore, this Court should dismiss NYLIAC from this action, with prejudice, and issue an injunction enjoining the Defendants from prosecuting an action for payment of the Annuity Death Benefits in any other forum.

### 3. NYLIAC is Entitled to its Attorneys' Fees and Costs

"The law is clear that a district court has the authority to award within its discretion stakeholder costs, including a reasonable attorneys' fee in interpleader actions." *James Talcott, Inc. v. Allahabad Bank, Ltd.*, 444 F.2d 451, 468 (5th Cir. 1971); *see also Corrigan Dispatch Co. v. Casa Guzman, S.A.,* 696 F.2d 359, 364 (5th Cir. 1983) ("It is well settled that a district court has the authority to award costs, including reasonable attorney's fees, in interpleader actions."); *Noeller v. Metro. Life Ins. Co.,* 190 F.R.D. 202, 206 (E.D. Tex. 1999) ("The Fifth Circuit expressly holds that modern federal courts retain discretion to award attorney's fees and costs to the stakeholder in an interpleader action, whenever it is fair and equitable to do so."). When a stakeholder admits liability, deposits the funds, identifies the claimants to the fund and has no dispute with the interpleader-defendants, "attorney's fees and costs may properly be awarded." *Unum Life Ins. Co. of Am. V. Tautenhahn,* 2010 WL 3703793, at *1 (W.D. La. 2010). Here, NYLIAC (1) concedes

liability for payment of the Death Benefit; (2) has deposited the funds into the Registry of the Court; (3) has identified the claimants to the Death Benefit; and (4) is a disinterested stakeholder of the Death Benefit at issue that has no disputes with the Defendants and seeks discharge of liability and dismissal from this action.

Once it is determined that a disinterested stakeholder should be awarded attorneys' fees, the court "undertakes to determine whether, in its discretion, the amount . . . is reasonable, fair, and equitable[.]" Sanchez v. Prudential Inv. Mgt., Inc., 2017 WL 5177644, at *3 (W.D. Tex. 2017) (awarding neutral stakeholder insurance company $11,968.00 in attorneys' fees and costs in connection with interpleader action).

Here, NYLIAC has acted in good faith and filed the instant Interpleader action when it was unable to determine factually or legally to whom the Annuity Death Benefits should be paid and was faced with threat of litigation by Defendant Bob Shelton for not distributing the Death Benefits to the 2018 Living Trust. NYLIAC does not contest that the Annuity Death Benefits are due and owed to a beneficiary or beneficiaries but is simply unable to determine which claimant should receive the Annuity Death Benefits. Throughout this Interpleader Action, NYLIAC has sought to resolve the matter among the parties to avoid needless litigation. At the Rule 26(f) meeting and in their subsequent Answers, Sharon and Ken stated their desire to distribute the Death Benefits to the 2018 Living Trust, consistent with Defendant Bob Shelton's claim. In further efforts resolve the matter without wasting judicial resources, NYLIAC drafted a letter dated June 2, 2021 requesting settlement, which was declined by Defendant Bob Shelton. Instead, NYLIAC has incurred expenses and time in litigating this matter, including filing the instant Motion for Interpleader, because Defendant Bob Shelton will not resolve the matter even though the remaining competing claimant, the 2010 Family Trust, will release any claim to the Annuity Death Benefits. As a disinterested stakeholder seeking to interplead the funds

with this Court and be dismissed from this case, NYLIAC is entitled to its attorneys' fees and costs incurred in this Interpleader action. In support of its claim for fees and costs, contemporaneously with the filing of this Motion, NYLIAC files its Appendix which includes the declarations of NYLIAC's counsel with an accounting of the attorneys' fees and costs associated with litigating this matter.

## V.   CONCLUSION

The appropriate relief in a matter involving competing claims to a single fund is that of Interpleader. For the foregoing reasons and as pleaded in its Complaint in Interpleader, NYLIAC respectfully requests that the Court grants the present Motion, granting NYLIAC all Relief in Interpleader, including dismissal with prejudice, and an award of attorneys' fees and costs in the amount of $ 15,754.00, together with such other and further relief as the Court deems just.

Dated: July 12, 2021

Respectfully Submitted,

/s/ *Linda G. Moore*
Linda G. Moore
State Bar No. 14359500
ESTES THORNE & CARR PLLC
3811 Turtle Creek Blvd. Suite 2000
Dallas, Texas 75219
(214) 599-4000 (telephone)
(214) 599-4099 (facsimile)
lmoore@estesthornecarr.com

*Counsel for Plaintiff*
*New York Life Insurance and Annuity Corporation*

## **CERTIFICATE OF SERVICE**

I hereby certify that on July 12, 2021, a true and correct copy of the foregoing document has been served on all counsel of record through the Court's CM/ECF system and the following Defendants:

Harvey G. Joseph
Law Offices of Harvey G. Joseph
P.O. Box 810485
Hjoseph197@aol.com

Sharon Britton
Mrs.sharon.britton@gmail.com

Ken Britton
Mr.ken.britton@gmail.com

*/s/ Linda G. Moore*
Linda G. Moore