IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| NEW YORK LIFE INSURANCE AND ANNUITY CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>BARBARA BROWN FAMILY TRUST DTD 3/12/2010; BARBARA JEAN BROWN LIVING TRUST DTD 3/12/2010; SHARON KAY BRITTON AND KEN BRITTON, AS CO-TRUSTEES OF THE BARBARA JEAN BROWN FAMILY TRUST DTD 3/12/2010; BARBARA JEAN BROWN LIVING TRUST DTD 5/29/2018; BOB SHELTON, AS TRUSTEE OF BARBARA JEAN BROWN LIVING TRUST DTD 5/29/2018,<br><br>Defendants. | § § § § § § § § § § § § § § § § § § § § § § § Civil Action No. 4:21-cv-00490-O |

**DEFENDANT BOB SHELTON, AS TRUSTEE OF BARBARA JEAN BROWN LIVING TRUST DTD 5/29/2018'S, RESPONSE TO PLAINTIFF'S MOTION FOR INTERPLEADER RELIEF AND SUPPORTING BRIEF**

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

Bob Shelton, as Trustee of Barbara Jean Brown Living Trust DTD 5/29/2018 ("Shelton") files his Response to Plaintiff's Motion for Interpleader Relief and would respectfully show the Court the following:

I.

**PRELIMINARY STATEMENT**

Shelton's position is that he is in agreement with Plaintiff and the other Defendants that the interpleaded funds in the total amount of $48,518.22 should be released and dispersed to Bob Shelton, as Trustee of Barbara Jean Brown Living Trust DTD 5/29/2018. Shelton does not agree that New York Life Insurance and Annuity Corporation ("NYLIAC") is entitled to attorneys' fees and costs or that they are entitled to a permanent injunction from instituting or prosecuting any claims or actions in any forum against NYLIAC with respect to the Death Benefits and/or the policies. Shelton's position is that he, as Trustee of Barbara Jean Brown Living Trust DTD 5/29/2018, is entitled to his attorneys' fees and costs for having to defend in this Court the improper interpleader action by NYLIAC.

II.

**PERTINENT FACTS**

The Annuitant (Barbara Jean Brown) passed away on August 27, 2018, making the benefits becoming due and owing to the beneficiary, Bob Shelton, as Trustee of Barbara Jean Brown Living Trust DTD 5/29/2018. Beginning on March 6, 2019, Shelton submitted a claim for the proceeds and included the necessary paperwork to process the claim. Significantly, no other claimant or claims have been submitted in contravention of Shelton's claims. Nor has any person or entity ever informed NYLIAC they had an intention or even a stray thought about making such a claim. Only one person has ever made a claim, threatened to make a claim, or even thought about making a claim, and that person is Bob Shelton, as Trustee of Barbara Jean Brown Living Trust DTD 5/29/2018. This fact is undisputed. Indeed, in the Joint Report and in their Amended Answer the other defendants also take

the position that Bob Shelton, as Trustee of Barbara Jean Brown Living Trust DTD 5/29/2018, is the proper beneficiary. (Dkt. 18 and 20).

Despite this undisputed fact, for two years NYLIAC has refused to pay the proceeds to Shelton. Despite his ongoing efforts and repeated requests for disbursement, they refused. Instead, NYLIAC filed in federal court (rather then state probate court) this interpleader action alleging a phantom dispute.

III.

**LEGAL ARGUMENT**

    a.    **No valid Interpleader Action**

Interpleader originated at common law but its primary development and principles occurred in equity where the use of interpleader was most common. *Commercial Union Ins. Co., v. U.S.*, 999 F.2d 581, 588 (D.C. Cir. 1999). Interpleader is a device that allows a party in possession of money or property belonging to another to join two or more parties asserting mutually exclusive claims to the property or fund in a single suit, thereby freeing the stakeholder from multiple liability. *Corrigan Dispatch Co. v. Casa Guzman, S.A.*, 696 F.2d 359, 363-64 (5th Cir. 1983); *State Farm Life Insurance Company v. Bryant,* 2019 WL 7938266 at * 9 (N.D. Tex. 2019).

Courts resolve an interpleader action through a two-step process. *Auto Parts Mfg. Miss. Inc. v. King Const. of Houston, L.L.C.,* 782 F.3d 186, 193 (5th Cir. 2015). In the first stage, the district court decides whether the requirements for an interpleader action have been met by determining if there is a single fund at issue and whether there are multiple adverse claimants to that fund. *Id; Rhoades v. Casey*, 196 F.3d 592, 600 (5th Cir. 1999). As a prerequisite to a proper interpleader action, the stakeholder (NYLIAC) must produce sufficient evidence that it legitimately fears double

or multiple claims directed against it. *Airborne Freight Corp. v. United States*, 195 F.3d 238, 240 (5th Cir. 1999); *State Farm Life Insurance Company v. Bryant*, 2019 WL 7938266 at * 9 (N.D. Tex. 2019). NYLIAC has the burden of proof of demonstrating that the requirements for interpleader have been satisfied. *Dunbar v. United States,* 502 F.2d 506, 511 (5th Cir. 1974).

NYLIAC has failed in its burden of proof that it legitimately feared claims by multiple adverse claimants because the evidence is undisputed that there was only one claimant to the funds from the inception of Ms. Brown's death until today, and that claimant is Bob Shelton, as Trustee of Barbara Jean Brown living Trust DTD 5/29/2018.

Assuming, *arguendo*, the second step in the two-step process is reached, that step is determining the rights of the parties claiming entitlement to the fund or property at issue. *Rhoades*, 196 F.3d at 600.

Statutory interpleader is proper when a (1) stakeholder has a single fund worth at least $500; (2) where two or more adverse claimants with diverse citizenship are competing for that fund; and (3) the stakeholder has deposited the funds in the Court's registry. 28 U.S.C. Section 1335(a)(2005); *Jackson National Life Insurance Company v. Dobbins,* 2016 WL 4268770 at * 1 (N.D. Tex. 2016). NYLIAC has failed to properly bring a statutory interpleader action because there is no evidence that two or more adverse claimants are competing for the funds. All agree and have always agreed the proper claimant is Shelton.

In this regard, it must also be pointed out that NYLIAC's lack of good faith is apparent in that in its Complaint, its two basis for jurisdiction were (1) 28 U.S.C. Section 1335(a) which is inapplicable because there were never two or more adverse claimants; and (2) 28 U.S.C. Section 1332 based upon an amount in controversy that exceeds $75,000.00. (Dkt.1, paragraphs 8 and 9).

This section is inapplicable because the undisputed evidence is that the funds total $48,518.22. Even taking into account their request for $15,754.00 in attorneys' fees and costs, the combination of those two sums still falls far short of $75,000.00. In their Complaint, they cite no other grounds for jurisdiction.

      **b.**     **NYLIAC not Entitled to Attorneys Fees and Costs**

Federal interpleader actions are authorized by statutes and also by rules of civil practice and procedure. *See Noeller v. Metropolitan Life Ins. Co.*, 190 F.R.D. 202, 206 (E.D. Tex. 1999). Attorneys' fees and costs are not referenced in either the statutes or the implementing rule. *Id.* Nonetheless, sitting in equity, federal courts may award attorneys' fees in appropriate cases if it is fair and equitable to do so. *Corrigan Dispatch Co. v. Casa Guzman*, 696 F.2d 359, 364 (5th Cir. 1983).

Courts only award attorneys' fees and costs to the stakeholder when the interpleader action is valid and successful. *Murphy v. Travelers Insurance Co.*, 534 F.2d 1155, 1164 (5th Cir. 1976).

There are five (5) relevant factors in determining whether to award attorneys' fees in an interpleader action. These are: (1) whether the case is simple or involved; (2) whether the stakeholder performed any unique services for the claimants or the court; (3) whether the stakeholder acted in good faith and with diligence; (4) whether the services rendered benefitted the stakeholder; and (5) whether the claimants improperly protracted the proceedings. *New York Life Ins. v. Annuity Corp. v. Cannatella*, 550 Fed. Appx. 211, 217 (5th Cir. 2013); *Royal Indem. Co. v. Bates,* 307 Fed. Appx. 801, 806 (5th Cir. 2009) (per curiam).

Many courts, including federal courts in Texas (and at least in one case the Fifth Circuit), question whether an award of fees is appropriate in an interpleader involving insurance proceeds,

noting the resolution of competing claims to the benefits of an insurance policy is in the ordinary course of business for an insurance company (like NYLIAC). *See e.g. Great America Life Insurance Company v. Smith*, 2015 WL 13715589 at * 3 (W.D. Tex. 2015); *Certain Underwriters at Lloyd's London v. Moran,* 2011 WL 3235469 at * 1 (W.D. Tex. 2011)( denying request for attorneys fees and costs); *Travelers Indem. Co. v. Israel*, 354 F.2d 488, 490 (2nd Cir. 1965)( stakeholder may not transfer its ordinary cost of doing business by bringing action in interpleader); *New York Life Ins. & Annuity Corp. v. Cannatella,* 2012 WL 405089 at * 3 (E.D. La. 2012), *aff'd* 550 Fed. Appx. 211 (5th Cir. 2013) (declining to award attorneys' fees incurred in bringing "simple interpleader" as "merely an ordinary cost of business for an insurance company"); *Correspondent Servs. Corp. v. J.V.W. Invs. Ltd.*, 204 F.R.D. 47, 49 (S.D.N.Y. 2001) (recognizing ordinary course of business exception to award of attorneys' fees and expenses to stakeholder in interpleader action); *USAA Life Ins. Co., Inc. v. Space,* 2015 WL 3407323 at * 5 (W.D. Ky. 2015) ( denial of insurance company's request for fees and costs in interpleader action as court is not impressed with the notion that whenever a minor problem arises in the payment of insurance proceeds, insurers may, as a matter of course, transfer a part of their ordinary cost of doing business to their insureds); *Humana Insurance Company of Kentucky v. O'Neal*, 2017 WL 3015173 at * 7 (E.D. Ky. 2017) (same); *Hogan v. Jackson Life Ins. Co.,* 142 F.Supp.3d 220, 222-23 (D.R.I. 2015) (courts should closely scrutinize insurance company's request for attorneys fees and costs in interpleader action as insurers enter into policy disputes as an ordinary and expected course of doing business and can and do plan for interpleader actions as a regular business expense and work the cost of interpleader actions into their policy premiums); *Chase Manhattan Bank v. Mandalay Shores Co-op. Hous. Ass'n, Inc.,* 21 F.3d 380, 383 (11th Cir. 1994) (same);

*Aaron v. Mahl,* 550 F.3d 659, 667 (7th Cir. 2008) (same).

NYLIAC's request for attorneys' fees and expenses is especially outrageous given that they were never subject to double liability because there were never multiple claimants seeking the annuities that were interpleaded into the registry of this court.

Even in those cases where attorneys fees are awarded, the award is to be "modest" and "light" because every dollar paid to the insurance company is one dollar less paid to the rightful beneficiary. *See Certain Underwriters at Lloyd's London v. Moran,* 2011 WL 3235469 at * 1 (W.D. Tex. 2011) (even had attorneys' fees been awarded, fees of almost 5% of the interpleaded funds ($1,665.00) were excessive); *Great American Life Insurance Company v. Smith*, 2015 WL 13715589 at * 3 (W.D.Tex. 2015) (court troubled by an attorneys' fee award request by insurance company of $2,500.00 when policy was only $25,000.00 dollars); *Midland National Life Insurance Company v. Wilkes,* 2020 WL 429206 at * 2 (M.D.N.C. 2020) (Courts treat with skepticism requests for fee awards that would substantially reduce the proceeds available to the beneficiary); *Noeller v. Metropolitan Life Ins. Co.,* 190 F.R.D. 202, 207 (E.D. Tex. 1999) (Fee award, if at all, must be "modest" because all that is necessary is the preparation of a petition, the deposit in court or posting of a bond, service on the claimants, and the preparation of an order discharging the stakeholder).

NYLIAC's request for $15,754.00 in attorneys fees and expenses is clearly excessive as it is almost thirty-three percent (33%) of the monies interpleaded into the registry of the court. If awarded, that would mean that one dollar out of every three that legitimately belongs to the beneficiaries of the Trust would go to NYLIAC instead. This is further aggravated by one of the counsel seeking fees (Ms. Pyun) is not even licensed to practice in Texas or this court and should not be awarded any fees from this Court.

This is a simple case, NYLIAC performed no unique services, NYLIAC did not act in good faith or with due diligence, indeed the Texas Insurance Code requires NYLIAC to interplead within 90 days of any competing claims (see Section 542.058(c)), the services rendered by counsel for NYLIAC benefitted NYLIAC, not the claimant, and the claimant(s) have not improperly protracted the proceedings. Attorneys' fees and costs should not be awarded NYLIAC. *See Certain Underwriters at Lloyd's London v. Moran,* 2011 WL 3235469 (W.D. Tex. 2011); *Travelers Indemnity Co. v. Israel,* 354 F.2d 488, 490 (2nd Cir. 1965).

Additionally, to any argument of NYLIAC that the 2010 Trusts created potential liability, not only were there never any competing claimants to Shelton but to the extent the 2010 "Trusts" ever "existed," they were void under Arkansas law for failure of consideration as they were never funded. See *Begier v. I.R.S.,* 496 U.S. 53, 62 (1990); *In re Collier*, 497 B.R. 877, 898-99 (E.D. Ark. 2013); *United Bldg & Loan Ass'n. v. Garnett*, 64 F.Supp. 460, 463 (W.D. Tex. 1946).

    **c.**    **Shelton Entitled to Attorneys Fees**

For all the many reasons stated above, NYLIAC never had a valid interpleader action and they did not act in good faith in filing this action. Instead of properly paying Shelton when he applied for the proceeds in March of 2019, NYLIAC strung him along for over two years before dragging him involuntarily into this court.

Consequently, NYLIAC's actions have caused Shelton to incur attorneys' fees which Shelton requests be awarded to him. In this connection, please see the Appendix to this Response which includes the declaration of Shelton's counsel with an accounting of the attorneys' fees associated with Shelton's defense of this lawsuit.

**IV.**

## CONCLUSION

For all of the reasons stated above, Bob Shelton, as Trustee of Barbara Jean Brown Living Trust DTD 5/29/2018, respectfully requests that the Court: (1) release the intrerpleaded funds to Bob Shelton, as Trustee of Barbara Jean Brown Living Trust DTD 5/29/2018; (2) deny New York Life Insurance and Annuity Corporation's request for an award of attorneys' fees and costs; (3) grant Bob Shelton, as Trustee of Barbara Jean Brown Living Trust DTD 5/29/2018, an award of attorneys fees in the amount of $9,020.00; and (4) any other relief as the Court deems just.

Dated: July 21, 2021.

Respectfully submitted,

    /s/    Harvey G. Joseph
HARVEY G. JOSEPH
State Bar No. 11027850
**LAW OFFICES OF HARVEY G. JOSEPH**
P.O. Box 810485
Dallas, Texas 75381-0485
(214) 769-6078 (telephone)
(214) 426-1246 (facsimile)
hjoseph197@aol.com

**ATTORNEY FOR BOB SHELTON, AS TRUSTEE OF BARBARA JEAN BROWN LIVING TRUST DTD 5/29/2018**

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on this, the 21st day of July, 2021, the foregoing document was electronically submitted to the Clerk of Court for the U.S. District Court, Northern District of Texas, using the electronic case files system of the Court. The electronic case files system sent a "Notice of Electronic Filing" to the following individual who has consented in writing to accept this Notice as service of this document by electronic means:

| | |
|---|---|
| Ms. Linda G. Moore<br>**ESTES THORNE & CARR PLLC**<br>3811 Turtle Creek Blvd. Suite 2000<br>Dallas, Texas 75219 | ✔ Via ECF<br>_____ Via Certified Mail, RRE<br>_____ Via Facsimile<br>_____ Via Regular Mail |
| Sharon Britton<br>Mrs.sharon.britton@gmail.com | _____ Via ECF<br>_____ Via Certified Mail, RRE<br>✔ Via Email<br>_____ Via Regular Mail |
| Ken Britton<br>Mr.ken.britton@gmail.com | _____ Via ECF<br>_____ Via Certified Mail, RRE<br>✔ Via Email<br>_____ Via Regular Mail |

                /s/   Harvey G. Joseph
    HARVEY G. JOSEPH