UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

---

**NEW YORK LIFE INSURANCE
AND ANNUITY CORPORATION,**


          **Plaintiff,**                         **Case No.: 4:21-cv-490-O**

**v.**

**Barbara Brown Family Trust DTD 3/12/2010;
Barbara Jean Brown Living Trust DTD 3/12/2010;
Sharon Kay Britton and Ken Britton, as co-Trustees of the
Barbara Jean Brown Family Trust DTD 3/12/2010;
Barbara Jean Brown Living Trust DTD 5/29/2018; Bob Shelton,
as Trustee of Barbara Jean Brown Living Trust DTD 5/29/2018,**

          **Defendants.**

---

### NEW YORK LIFE INSURANCE AND ANNUITY CORPORATION'S REPLY TO BOB SHELTON, AS TRUSTEE OF BARBARA JEAN BROWN LIVING TRUST DTD 5/29/2018'S, RESPONSE TO PLAINTIFF'S MOTION FOR INTERPLEADER RELIEF

Comes now, Plaintiff, New York Life Insurance and Annuity Corporation ("NYLIAC"),

for its Reply to Defendant Bob Shelton, as Trustee of the Barbara Jean Brown Living Trust DTD

5/29/2018, ("Defendant") (ECF Doc. No. 27), states as follows:

NYLIAC acted properly and good faith in filing this Interpleader Action and this instant

Motion for Interpleader Relief is the result of the Defendant's own refusal to provide necessary

information or to engage in good faith settlement discussions relating to the death benefits at issue

herein. Despite the fact the Defendant is not the beneficiary of record to either of the policies at

issue, he has refused to provide information or documentation in support of his claim that he is

entitled to the benefits at issue. Furthermore, despite the fact that both NYLIAC and the remaining

defendants, Sharon and Ken Britton as Trustees of the Barbara Jean Brown Family Trust DTD

3/12/2010 (the "Brittons"), have indicated their desire and willingness to work together to resolve

the claims and have the funds in question distributed to the Defendant, Defendant has steadfastly

rejected NYLIAC and the Brittons' offers to make payment to him through a settlement agreement,

and instead continues to force the parties to engage in prolonged motion practice.

A.      **Interpleader Is a Proper Remedy**

Defendant now argues that NYLIAC's interpleader action is improper as there are not

technically "competing claimants" to the funds at issue. However, Fifth Circuit and Texas law is

clear that an interpleader action is designed to protect a stakeholder from the *possibility* of multiple

claims upon a single fund and that a plaintiff may avail itself of interpleader relief even if a formal

claim has not been brought by one or more potential claimants.  *In re Bohart*, 743 F.2d 313, 324-

25 (5th Cir. 1984)*; Holcim (Texas) Limited Partnership v. Humboldt Wedag, Inc.,* 2006 WL

8437371 at *2 (N.D. Tx. June 19, 2006) ("Even when no actual claim to the stake has been made,

the interpleader plaintiff must demonstrate that it *may be* subjected to adverse claims.")  Nothing

more is implied than that the claims alleged must meet a minimal threshold level of substantiality.

*Auto Parts Mfg. Mississippi, Inc. v. King Const. of Houston, LLC*, 782 F.3d 186, 194 (5th Cir. 2015)

(citing 7 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure

§ 1703 (3d. Ed)).  Even the mere "threat of multiple vexation by future litigants provides sufficient

basis for interpleader." *Tittle v. Enron Corp.,* 463 F.3d 410, 424, n. 10 (5th Cir. 2006) (internal

citations omitted).

Defendant's claim that interpleader under 28 U.S.C. § 1335 is improper because there are

no actual adverse claimants in this action is directly contradicted by the terms of the statute

requiring "two or more adverse claimants, of diverse citizenship. . . claiming or *may* claim to be entitled to such money or property." *28 U.S.C. § 1335(a)* (emphasis added); *see also Auto Parts Mfg. Mississippi, Inc. v. King Const. of Houston, LLC*, 782 F.3d 186, 195 (5th Cir. 2015) ("Statutory interpleader under § 1335 is especially liberal, permitting a valid interpleader action if two claimants "*may* claim to be entitled" to interpleader funds, even if there is not yet a claim.") The district court's interpleader jurisdiction is determined at the time the interpleader complaint is filed and subsequent events do not divest the court of jurisdiction once properly acquired. *See Auto Parts Mfg.* at 193.

At issue here are the death benefits ("Death Benefits") for two policies issued by NYLIAC (referred to throughout as "Policy A" and "Policy B") on the life of Barbara Jean Brown (the "Insured"). Defendant has made a claim to the Death Benefit as trustee of the Barbara Jean Brown Living Trust DTD 5/29/2018 ("2018 Living Trust"). However, the 2018 Living Trust was not the beneficiary of record for either of the policies at issue at the time of the Insured's death. Rather, the named beneficiary of record to Policy A was the Barbara Brown Family Trust DTD 3/12/2010 ("2010 Family Trust") and the named beneficiary of record to Policy B was the Barbara Jean Brown Living Trust DTD 3/12/2010 ("2010 Living Trust") (ECF Doc. No. 1, ¶¶ 13-16).

On or about March 2019, Defendant reached out to NYLIAC and made a claim that he was entitled to the Death Benefit as the 2018 Living Trust superseded the potential claims of the 2010 Living Trust and 2010 Family Trust to the Death Benefits. (ECF. Doc. No. 1, ¶ 20).  NYLIAC attempted to verify these allegations by requesting a copy of the 2018 Living Trust from Defendant. Defendant refused to respond to NYLIAC's request or provide any support for his allegations that the 2018 Living Trust was the proper beneficiary despite not being named the beneficiary of record for either Policy A or Policy B. Nevertheless, in June 2019, NYLIAC further

offered to resolve the claims and the risk of multiple liability by offering to pay the Death Benefit

to Defendant in exchange for certain releases and indemnifications that would protect NYLIAC

should future claims be made to the Death Benefit from either the 2010 Family Trust or the 2010

Living Trust. Defendant refused to respond to NYLIAC's proposal despite NYLIAC's multiple

attempts to contact him between June 2019 and March 2021. *A copy of the June 2019 letter and*

*a subsequent follow-up letter dated November 2020 are attached hereto as Exhibit A.*

Then in March of 2021, rather than providing support for his claims or discussing possible

resolution, Defendant threatened litigation if the Death Benefits were not distributed to him. As no

supporting information or documentation was forthcoming regarding the various trusts, and

Defendant was threatening litigation should the Death Benefit not be paid to him (despite not being

a beneficiary of record under either Policy), NYLIAC had no choice but to seek the Court's

assistance.  It is abundantly clear that NYLIAC could be subject to multiple liability by paying the

funds to an entity other than the beneficiaries of record and that NYLIAC acted wholly in good

faith to protect itself from potential multiple liability in filing the Interpleader Action and is entitled

to relief in Interpleader under 28 U.S.C. § 1335.[1]

### B.      NYLIAC's Request for Attorney's Fees Should be Granted

Additionally, NYLIAC is entitled to attorneys' fees in this matter as the Defendant himself

has been the sole impediment to resolution of this matter and his actions have resulted in waste of

judicial resources and increased attorneys' fees and costs.  The Court has discretion to award

attorneys' fees and costs in an interpleader action, and consideration of the relevant factors[2]

---

[1] This case meets all the other jurisdictional requirements pursuant to 28 U.S.C. § 1335 as the amount in death benefit that has been deposited into the registry of the Court is $48,518.22 and Defendant is a citizen of Texas and Sharon and Ken Britton are citizens of North Carolina.

[2] The five relevant factors courts may consider are: (1) whether the case is simple or involved; (2) whether the stakeholder performed any unique services for the claimants or the court; (3) whether the stakeholder acted in good

demonstrate that this action has incurred needless and unnecessary litigation as a result of the Defendant's actions.

From the outset, this Interpleader Action was not a simple matter as the potential and actual claimants are various trusts established by the Insured over time and for which the trustees' identities could not be confirmed due to discrepancies of the named beneficiaries in the Applications for the Annuity Policies and absence of trust documents in connection with the stated beneficiaries of record.[3]  Prior to filing the Interpleader Action, NYLIAC sought to resolve the multiple liability it faced by requesting additional information from the Defendant and even proposing a settlement and indemnification agreement, which the Defendant refused.

Early in this Interpleader Action, NYLIAC corresponded with the Brittons in trying to resolve the existence of the 2010 Family Trust and 2010 Living Trust.  When it became evident from the Brittons' Answer and Amended Answer (ECF Doc. Nos. 17-18) and the Rule 26 Conference that the 2010 Living Trust may not be a valid entity and that the Brittons (as the Trustees of the 2010 Family Trust) were willing to agree with the distribution of the Death Benefits in accordance with Defendant's claims, NYLIAC tried to facilitate settlement along these lines. However, Defendant flatly rejected all attempts to resolve the issues through a Settlement Agreement and release of NYLIAC. The actions of NYLIAC pre- and post-Interpleader to seek cooperation with the Defendant and resolve the matter to prevent further litigation went far beyond the ordinary course of business.

Despite the Brittons' willingness to release their claims to the Death Benefit, as Defendant is not the named beneficiary of record to either policy at issue, NYLIAC could continue to face

---

faith with diligence; (4) whether the services rendered benefitted the stakeholder; and (5) whether the claimants improperly protracted the proceedings. *Noeller v. Metro. Life. Ins.Co.,* 190 F.R.D. 202, 206 (E.D. Tex.1999).

[3]NYLIAC's Motion for Interpleader Relief, ECF Doc. No. 22, Section II.

potential liability for payment of the Death Benefit to Defendant absent a Settlement Agreement with Release language or an order from this Court. As such, NYLIAC had no choice but to file this instant Motion for Interpleader to preserve its rights as a neutral stakeholder.  NYLIAC has been prepared to resolve the issues relating to this matter at any and all times herein. Any delay and costs associated with the filing of the Interpleader Action and this Motion for Interpleader are wholly a result of the Defendant, who has refused to cooperate and has improperly protracted these proceedings, thus incurring additional cost for what should have been a relatively straightforward resolution once the Brittons, as trustees of the 2010 Family Trust were willing to settle the claims.

Furthermore, the Defendant cites no authority to support his claim for attorneys' fees in this matter—the attorneys' fees he incurred in this action are a result of his unwillingness to assist NYLIAC in seeking to resolve the potential competing claims it faced with respect to the Death Benefits and his protracted litigation of the action even though all other parties in this matter were willing to settle the matter.  Therefore, his request for attorneys' fees should be denied.

For the reasons stated above and in its motion for Interpleader (ECF Doc. No. 22), NYLIAC respectfully requests that the Court grant NYLIAC's motion and issue an Order granting NYLIAC relief in interpleader, including attorneys' fees and costs; and awarding such other and further relief as this Court deems just and proper.

Respectfully submitted this 23rd day of July, 2021,

*/s/ Linda G. Moore*
Linda G. Moore
State Bar No. 14359500
ESTES THORNE & CARR PLLC
3811 Turtle Creek Blvd. Suite 2000
Dallas, Texas 75219
(214) 599-4000 (telephone)
(214) 599-4099 (facsimile)
lmoore@estesthornecarr.com
*Counsel for Plaintiff*
*New York Life Insurance and Annuity Corporation*

## **CERTIFICATE OF SERVICE**

I hereby certify that on July 23, 2021, a true and correct copy of the foregoing document has been served on all counsel of record through the Court's CM/ECF system and on the following Defendants:

Harvey G. Joseph
Law Offices of Harvey G. Joseph
P.O. Box 810485
Dallas, Texas 75381-0485
Hjoseph197@aol.com

Sharon Britton
Mrs.sharon.britton@gmail.com

Ken Britton
Mr.ken.britton@gmail.com

*/s/ Linda G. Moore*
Linda G. Moore