IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| NEW YORK LIFE INSURANCE AND ANNUITY CORPORATION, | § § § § | |
| Plaintiff, | § § | |
| v. | § § | |
| BARBARA BROWN FAMILY TRUST DTD 3/12/2010; BARBARA JEAN BROWN LIVING TRUST DTD 3/12/2010; SHARON KAY BRITTON AND KEN BRITTON, AS CO-TRUSTEES OF THE BARBARA JEAN BROWN FAMILY TRUST DTD 3/12/2010; BARBARA JEAN BROWN LIVING TRUST DTD 5/29/2018; BOB SHELTON, AS TRUSTEE OF BARBARA JEAN BROWN LIVING TRUST DTD 5/29/2018, | § § § § § § § § § § § § § § § | Civil Action No. 4:21-cv-00490-O |
| Defendants. | § § | |

**MOTION FOR LEAVE TO FILE COUNTERCLAIM AND
BRIEF IN SUPPORT OF DEFENDANT BOB SHELTON, AS
TRUSTEE OF THE BARBARA JEAN BROWN LIVING TRUST DTD 5/29/2018**

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

Bob Shelton, as Trustee of the Barbara Jean Brown Living Trust DTD 5/29/2018 ("Shelton") files his Motion for Leave to file Counterclaim and Brief in Support and would respectfully show the Court the following:

1

I.

INTRODUCTION

Plaintiff, New York Life Insurance and Annuity Corporation ("NYLIAC"), filed on April 1, 2021 a Complaint in Interpleader (ECF Number 1). Shelton timely filed an Answer to this Complaint. (ECF Number 14). On July 12, 2021, NYLIAC filed a Motion for Interpleader Relief. (ECF Number 22). Shelton timely filed a Response to that Motion. (ECF Number 24). Under this Court's Scheduling Order, the parties have until August 6, 2021 in which to move to amend their pleadings. (ECF Number 21). Therefore, this Motion is timely.

II.

ARGUMENT

This Motion is governed by Federal Rule of Civil Procedure 15(a)(2). Rule 15(a)(2) states that, in pertinent part, that "The court should freely give leave when justice so requires" and the United States Supreme Court states that "this mandate is to be heeded." *Foman v. Davis,* 371 U.S. 178, 182 (1962). The only exceptions to granting leave to amend are in the extraordinary circumstances of where there exists undue prejudice to the non-moving party, bad faith, undue delay, repeated failure to cure deficiencies by amendments previously allowed, futility of amendment, or a dilatory motive on the part of the moving party. *Foman, supra; Whitley v. Hanna,* 726 F.3d 631, 648 (5th Cir. 2013); *Frantz Design, Inc. v. Diamond Orthotic Laboratory, LLC,* 2020 WL 10314642 at * 1 (W.D. Tex. 2020); *Macklin v. Petrolia Consol. I.S.D.,* 2014 WL 4815721 at * 2 (N.D. Tex. 2014).

The good cause standard for amendment of pleadings only applies if the party seeks to amend a pleading after the date specified in the scheduling order. *Frantz Design, Inc., supra.* A motion for

leave should not be denied "unless there is a substantial reason to do so." *Leffall v. Dallas Indep. Sch. Dist.*, 28 F.3d 521, 524 (5th Cir. 1994); *Macklin, supra*.

Shelton is requesting leave to amend his Answer to include a counterclaim against NYLIAC for violation of Section 542.058 of the Texas Insurance Code for not timely interpleading the funds if, in fact, an action for Interpleader was proper. While Shelton believes an action in Interpleader was not proper, for the reasons stated in his Response, in the event this Court disagrees, then to protect his rights Shelton requests leave to file this Counterclaim.

Section 548.058(c) requires a life insurance company to file an interpleader action and deposit the funds into the registry of the court within ninety (90) days if the life insurer receives notice of an adverse, bona fide claim to all or part of the proceeds of the policy. That is, within 90 days of the company having risk of two or more adverse claimants making a claim to the same proceeds. While Shelton does not believe two or more adverse claimants have ever made such a claim, making the Interpleader action invalid, assuming, *arguendo,* such occurred by the different trusts, such occurred much longer than 90 days before New York Life filed the Interpleader action and deposited the funds into the registry of the court, which violated Chapter 542 of the Texas Insurance Code.

Such a claim for a violation of 542.058 is also independent of the Interpleader action and independent of Shelton's claim to the interpleaded funds. As such, this cause of action would still be allowed to proceed regardless of the ruling on the Motion for Interpleader relief. *United of Omaha Life Insurance Company v. Womack-Rodriguez*, 461 F.Supp.3d 455, 477-78 (W.D. Tex. 2020). For this Court's convenience, a true and correct copy of Shelton's proposed Amended Answer and Counterclaim is attached to this Motion as Exhibit 1.

## III.

## PRAYER

For the reasons stated above, Defendant Bob Shelton, as Trustee of the Barbara Jean Brown Trust DTD 5/29/2018 respectfully prays this Motion for Leave to File Counterclaim be granted.

Respectfully submitted,

/s/ Harvey G. Joseph
HARVEY G. JOSEPH
State Bar No. 11027850
**LAW OFFICES OF HARVEY G. JOSEPH**
P.O. Box 810485
Dallas, Texas 75381-0485
(214) 769-6078 (telephone)
(214) 426-1246 (facsimile)
hjoseph197@aol.com
ATTORNEY FOR BOB SHELTON, AS TRUSTEE OF BARBARA JEAN BROWN LIVING TRUST DTD 5/29/2018

## CERTIFICATE OF CONFERENCE

The undersigned personally conferred with counsel for Plaintiff. Plaintiff is opposed to this motion; therefore, it is submitted to the Court for determination. While this motion only directly affects Plaintiff, the undersigned has attempted to personally confer with co-defendants Sharon and Ken Britton without success. The undersigned will continue in his attempts to confer with co-defendants but to protect the Movant's rights and to ensure that this motion is on file before the court determines Plaintiff's Motion for Interpleader Relief it is submitted to the Court for determination. Movant will file a supplemental certificate of conference when the undersigned is able to confer with co-defendants.

/s/ Harvey G. Joseph
HARVEY G. JOSEPH


## **CERTIFICATE OF SERVICE**

    This is to certify that on this, the 27th day of July, 2021, a true and correct copy of the foregoing document has been personally served, as indicated below:

| | | |
|---|---|---|
| Ms. Linda G. Moore<br>**ESTES THORNE & CARR PLLC**<br>3811 Turtle Creek Blvd. Suite 2000<br>Dallas, Texas 75219<br>lmoore@estesthornecarr.com | ✔<br>_____<br>_____<br>_____ | Via Electronic Service<br>Via Certified Mail, RRE<br>Via Facsimile<br>Via Regular Mail |
| Sharon Kay Britton and Ken Britton<br>267 South Sunset Dr.<br>Littleton, North Carolina 27850<br>Mrs.sharon.britton@gmail.com<br>Mr.ken.britton@gmail.com | ✔<br>_____<br>_____<br>_____ | Via Electronic Service<br>Via Certified Mail, RRE<br>Via Facsimile<br>Via Regular Mail |

                                       /s/    Harvey G. Joseph
                                    HARVEY G. JOSEPH

# Exhibit 1

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| NEW YORK LIFE INSURANCE AND ANNUITY CORPORATION, | § § § § § | |
| Plaintiff, | § § | |
| v. | § § | |
| BARBARA BROWN FAMILY TRUST DTD 3/12/2010; BARBARA JEAN BROWN LIVING TRUST DTD 3/12/2010; SHARON KAY BRITTON AND KEN BRITTON, AS CO-TRUSTEES OF THE BARBARA JEAN BROWN FAMILY TRUST DTD 3/12/2010; BARBARA JEAN BROWN LIVING TRUST DTD 5/29/2018; BOB SHELTON, AS TRUSTEE OF BARBARA JEAN BROWN LIVING TRUST DTD 5/29/2018, | § § § § § § § § § § § § § § | Civil Action No. 4:21-cv-00490-O |
| Defendants. | § § | |

**FIRST AMENDED ANSWER AND COUNTERCLAIM OF
BOB SHELTON, AS TRUSTEE OF BARBARA JEAN BROWN
LIVING TRUST DTD 5/29/2018 TO THE COMPLAINT IN INTERPLEADER
FILED BY PLAINTIFF NEW YORK LIFE INSURANCE AND ANNUITY CORPORATION**

TO THE HONORABLE U.S. DISTRICT JUDGE:

Bob Shelton, as Trustee of Barbara Jean Brown Living Trust DTD 5/29/2018 ("Shelton"), files his First Amended Answer and Counterclaim to the Complaint in Interpleader filed by Plaintiff New York Life Insurance and Annuity Corporation ("NYLIAC").

1

## PARTIES

1. Shelton admits that NYLIAC is a corporation but can neither admit nor deny the remainder of the statements made in paragraph 1 of the Complaint in Interpleader.

2. Shelton admits there is a document titled "Barbara Brown Family Trust" DTD 3/12/2010 but denies the validity of such an alleged trust.

3. Shelton admits there is a document titled "Barbara Jean Brown Living Trust" DTD 3/12/2010 but denies the validity of such an alleged trust.

4. Shelton admits that Sharon Kay Britton is an adult citizen of North Carolina and domiciled in North Carolina. Shelton admits that she is the purported co-trustee of the "Barbara Brown Family Trust" DTD 3/12/2010 but denies the validity of such an alleged trust.

5. Shelton admits that Ken Britton is an adult citizen of North Carolina and domiciled in North Carolina. Shelton admits he is the purported co-trustee of the "Barbara Brown Family Trust" DTD 3/12/2010 but denies the validity of such an alleged trust.

6. Shelton admits that there is a valid trust called the "Barbara Jean Brown Living Trust LTD 5/29/2018" but asserts it was formed in the State of Texas and not in the State of Arkansas.

7. Shelton admits the statements in paragraph 7 of the Complaint in Interpleader.

## JURISDICTION AND VENUE

8. Shelton is not in possession of sufficient facts to either admit nor deny the statements in paragraph 8 of the Complaint in Interpleader.

9. Shelton denies the statements in paragraph 9 of the Complaint in Interpleader.

10. Shelton admits that assuming, *arguendo*, this Honorable Court has jurisdiction, then venue is proper in this federal district

2

## FACTS

11. Shelton denies the statements in paragraph 11 of the Complaint in Interpleader to the extent that they can be interpreted in any manner to assert that anyone other than Bob Shelton, as Trustee of Barbara Jean Brown Living Trust DTD 5/29/2018 is the rightful recipient of the proceeds from the Lifetime Income Annuity.

12. Shelton denies the statements in paragraph 12 of the Complaint in Interpleader to the extent that they can be interpreted in any manner to assert that anyone other than Bob Shelton, as Trustee of Barbara Jean Brown Living Trust DTD 5/29/2018 is the rightful recipient of the proceeds from the Lifetime Income Annuity.

13. Shelton denies the statements in paragraph 13 of the Complaint in Interpleader to the extent that they can be interpreted in any manner to assert that anyone other than Bob Shelton, as Trustee of Barbara Jean Brown Living Trust DTD 5/29/2018 is the rightful recipient of the proceeds from the Lifetime Income Annuity.

14. Shelton denies the statements in paragraph 14 of the Complaint in Interpleader to the extent that they can be interpreted in any manner to assert that anyone other than Bob Shelton, as Trustee of Barbara Jean Brown Living Trust DTD 5/29/2018 is the rightful recipient of the proceeds from the Lifetime Income Annuity.

15. Shelton denies the statements in paragraph 15 of the Complaint in Interpleader to the extent that they can be interpreted in any manner to assert that anyone other than Bob Shelton, as Trustee of Barbara Jean Brown Living Trust DTD 5/29/2018 is the rightful recipient of the proceeds from the Lifetime Income Annuity.

16. Shelton denies the statements in paragraph 16 of the Complaint in Interpleader to the extent that they can be interpreted in any manner to assert that anyone other than Bob Shelton, as Trustee of Barbara Jean Brown Living Trust DTD 5/29/2018 is the rightful recipient of the proceeds from the Lifetime Income Annuity.

17. Shelton admits the statements in paragraph 17 of the Complaint in Interpleader.

18. Shelton admits the statements in paragraph 18 of the Complaint in Interpleader.

19. Shelton admits the statements in paragraph 19 of the Complaint in Interpleader.

20. Shelton admits the statements in paragraph 20 of the Complaint in Interpleader.

21. Shelton can neither admit nor deny the statements in paragraph 21 of the Complaint in Interpleader.

22. Shelton can neither admit nor deny the statements in paragraph 22 of the Complaint in Interpleader.

23. Shelton admits the statements in paragraph 23 of the Complaint in Interpleader.

24. Shelton admits that this Honorable Court has entered an Order dated May 4, 2021 (ECF 13) granting NYLIAC's Motion to Deposit Funds in the Registry of the Court (ECF 12) and that NYLIAC is to deposit $14,058.25, plus interest (under Policy XXXXX460) and $33,187.56, plus interest (under Policy XXXXX198) into the registry of the Court. The Clerk is directed to hold these funds in the registry of the Court.

25. Shelton can neither admit nor deny the statements in paragraph 25 of the Complaint in Interpleader.

26. Shelton can neither admit nor deny the statements in paragraph 26 of the Complaint in Interpleader.

## COUNTERCLAIM

27. On August 27, 2018, Barbara Jean Brown passed away.

28. On March 6, 2019, Bob Shelton, as Trustee of the Barbara Jean Brown Living Trust DTD 5/29/2018 filed a claim with New York Life Insurance and Annuity Company as the proper beneficiary. Shelton continued to request the proceeds from the annuities made the basis of New York Life's Interpleader Complaint up to the time New York Life filed its Complaint.

29. From all times forward from March 6, 2019, no competing claim was made against New York Life for the proceeds from the annuities. Shelton has, and continues to have, the only claim for these proceeds brought against New York Life.

30. From March 6, 2019 forward, New York Life had the same facts concerning the Trusts as it does today.

31. Shelton does not believe that New York Life's Interpleader action is proper and that New York Life should have paid him these proceeds months, if not years, ago. Nonetheless, assuming, *arguendo*, that such an action would be proper, based on the undisputed facts, New York Life's Interpleading of the proceeds of the annuities on or about May 4, 2021 is untimely and a statutory violation of Chapter 542 of the Texas Insurance Code and specifically 542.055 and 542.058(c) of the Texas Insurance Code which requires that a life insurance company deposit proceeds of the insurance policies into the Court registry within ninety (90) days of receiving the information necessary to pay the claimant if the claim is not paid. Additionally, if New York Life had a good faith belief it was subject to two competing claims, the facts they are using to justify that belief existed years before they finally Interpleaded the funds.

5

32. 542.058(c) of the Texas Insurance Code provides for 18% statutory interest and the recovery of attorneys fees both of which Shelton seeks recovery.

## PRAYER

27. Shelton prays that this Honorable Court award him, as Trustee of the Barbara Jean Brown Living Trust DTD 5/29/2018, all proceeds deposited into the registry of the Court as well as all costs, interest, attorneys fees, and any other manner of relief to which Shelton may be justly entitled by either Chapter 542 of the Texas Insurance Code as well as the relief he is entitled to in law and/or equity.

Respectfully submitted,

/s/   Harvey G. Joseph
HARVEY G. JOSEPH
State Bar No. 11027850
Email:  hjoseph@dediego.com
**LAW OFFICES OF HARVEY G. JOSEPH**
P.O. Box 810485
Dallas, Texas 75381-0485
(214) 769-6078 (telephone)
(214) 426-1246 (facsimile)
hjoseph197@aol.com

**ATTORNEY FOR BOB SHELTON, AS TRUSTEE OF BARBARA JEAN BROWN LIVING TRUST DTD 5/29/2018**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this, the 27th day of July, 2021, the foregoing document was electronically submitted to the Clerk of Court for the U.S. District Court, Northern District of Texas, using the electronic case files system of the Court. The electronic case files system sent a "Notice of Electronic Filing" to the following individual who has consented in writing to accept this Notice as service of this document by electronic means:

| | |
|---|---|
| Ms. Linda G. Moore<br>**ESTES THORNE & CARR PLLC**<br>3811 Turtle Creek Blvd. Suite 2000<br>Dallas, Texas 75219<br>lmoore@estesthornecarr.com | ✔ Via Electronic Service<br>___ Via Certified Mail, RRE<br>___ Via Facsimile<br>___ Via Regular Mail |
| Sharon Kay Britton and Ken Britton<br>267 South Sunset Dr.<br>Littleton, North Carolina 27850<br>Mrs.sharon.britton@gmail.com<br>Mr.ken.britton@gmail.com | ✔ Via Electronic Service<br>___ Via Certified Mail, RRE<br>___ Via Facsimile<br>___ Via Regular Mail |

    /s/    Harvey G. Joseph
HARVEY G. JOSEPH

7