**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION**

**NEW YORK LIFE INSURANCE
AND ANNUITY CORPORATION,**

    **Plaintiff,**

v.                                                                                                                                    **Case No.: 4:21-cv-490-O**

**Barbara Brown Family Trust DTD 3/12/2010;
Barbara Jean Brown Living Trust DTD 3/12/2010;
Sharon Kay Britton and Ken Britton, as co-Trustees of the
Barbara Jean Brown Family Trust DTD 3/12/2010;
Barbara Jean Brown Living Trust DTD 5/29/2018; Bob Shelton,
as Trustee of Barbara Jean Brown Living Trust DTD 5/29/2018,**

    **Defendants.**

## NEW YORK LIFE INSURANCE AND ANNUITY CORPORATION'S OPPOSITION TO DEFENDANT BOB SHELTON'S MOTION TO FILE COUNTERCLAIM

Comes now, Plaintiff, New York Life Insurance and Annuity Corporation ("NYLIAC"), for its Opposition to Defendant Bob Shelton's, as Trustee of the Barbara Jean Brown Living Trust DTD 5/29/2018, ("Defendant" or the "2018 Living Trust") Motion For Leave to File Counterclaim (ECF Doc. No. 30), states as follows:

### I. PRELIMINARY STATEMENT

On or about April 1, 2021, NYLIAC filed this instant matter seeking relief in Interpleader because it faced a competing claim to the annuity death benefits at issue by Defendant, the 2018 Living Trust, which was not a designated beneficiary of record, and was thus exposed to multiple liability from claims from the Defendant on one hand and potential claims by the beneficiaries of record on the other. Ever since Defendant first asserted his claim in March 2019, NYLIAC sought

1

to resolve the matter with the Defendant, but he has inexplicably refused to cooperate and in this instant matter, has rejected all offers of settlement in his favor even though the remaining defendants have now agreed to distribute the death benefits in question to the 2018 Living Trust. Instead, Defendant continues to prolong litigation in this matter in bad faith by seeking to amend his answer and file a counterclaim alleging violations of the Texas Insurance Code.

## II. RELEVANT FACTS

### A. Claim History

As set forth in greater detail in NYLIAC's Complaint for Interpleader (ECF Doc. No. 1) and Motion for Interpleader Relief (ECF Doc. No. 22-23), at issue here are the death benefits ("Death Benefits") for two policies issued by NYLIAC (referred to throughout as "Policy A" and "Policy B") on the life of Barbara Jean Brown (the "Insured") who died on or about August 27, 2018. The named beneficiary of record to Policy A was the Barbara Brown Family Trust DTD 3/12/2010 ("2010 Family Trust") and the named beneficiary of record to Policy B was the Barbara Jean Brown Living Trust DTD 3/12/2010 ("2010 Living Trust") [1] (ECF Doc. No. 1, ¶¶ 13-16). By Claim Form dated March 6, 2019, Defendant, as trustee of the Barbara Jean Brown Living Trust DTD 5/29/2018 (previously defined as the "2018 Living Trust") asserted a claim to the Death Benefits alleging that the 2018 Living Trust superseded the potential claims of the 2010 Living Trust and 2010 Family Trust to the Death Benefits. (ECF. Doc. No. 1, ¶ 19-20). However, the 2018 Living Trust was not the beneficiary of record for either of the policies at issue at the time of the Insured's death, and NYLIAC had not been provided with a copy of same.

---

[1] Although NYLIAC has been provided with two trust documents that were submitted with the applications for Policy A and Policy B, one entitled "Second Restatement of the Barbara Jean Brown Family Trust" DTD 3/12/2010 and another entitled "Amendment and Restatement of The Barbara Jean Brown Trust of March 9, 1998" DTD 6/8/2006, it did not have copies of documents identifying the 2010 Living Trust or 2010 Family Trust. (ECF. Doc. No. 1, ¶15).

NYL requested a copy of the 2018 Living Trust in order to verify Bob Shelton's claim that it was the only trust in existence and had superseded all other trusts created by the Insured. Defendant refused to respond to NYLIAC's request or provide any support for his allegations that the 2018 Living Trust was the proper beneficiary despite not being named the beneficiary of record for either Policy A or Policy B.

In June 2019, NYLIAC further offered to resolve the claims and the risk of multiple liability by offering to pay the Death Benefits to Defendant in exchange for certain releases and indemnifications that would protect NYLIAC should future claims be made to the Death Benefit from either the 2010 Family Trust or the 2010 Living Trust. NYLIAC sent multiple follow up letters between June 2019 and December 2020 requesting completion of the release and indemnification agreement in order to complete his claim and pay him the Death Benefit. (ECF Doc No. 29, Ex. A).  By March 2021, Defendant threatened litigation if the Death Benefits were not distributed to him.  As no supporting information or documentation was forthcoming regarding the various trusts, and Defendant was threatening litigation should the Death Benefit not be paid to him (despite not being a beneficiary of record under either Policy), NYLIAC had no choice but to seek the Court's assistance.

**B. Procedural History**

Because NYLIAC was factually or legally unable to determine who would be entitled to the Death Benefits, NYLIAC filed a Complaint in Interpleader ("Interpleader Action") requesting relief from this Court.   (ECF Doc. No. 1).  On or about May 10, 2021, pursuant to the Court's Order (ECF Doc. No. 13) NYLIAC has deposited two checks with the registry of the Court:(1) one in the amount of $14,436.86 representing Policy A Death Benefits plus applicable interest; and (2) another in the amount of $34,081.36 representing Policy B Death Benefits plus applicable

interest with the registry of the Court, for a total sum of $48,518.22.  On May 10, 2021, Defendant filed an Answer to the Complaint (ECF Doc. No 14) in which he requested in his prayer for relief that the Death Benefits be paid to him.   At the Rule 26(f) meeting to discuss legal and factual issues in the matter, Defendant did not  assert violations of the Texas Insurance Code by NYLIAC to support his position nor did he identify the issue in the Joint Report that was filed on or about June 8, 2021 (ECF Doc. No. 20).  When NYLIAC sought to facilitate settlement discussions on multiple occasions to distribute of the Death Benefit to Defendant, Defendant refused to settle without any further explanation.

With the Defendant's continued refusal to accept distribution of the Death Benefits to him in settlement of the matter, NYLIAC had no recourse but to file a Motion for Interpleader Relief on or about July 12, 2021 (ECF Doc. No. 22).  In its Motion, NYLIAC requested its attorneys' fees and costs due to the unnecessary cost of litigation it had incurred as a result of the Defendant's conduct.  (ECF Doc. No. 22-23).  On July 21, 2021 Defendant filed his Opposition to the Motion for Interpleader Relief ("Opposition"), where first mentioned the Texas Insurance Code in opposing an award of NYLIAC's attorneys' fees and costs.  (ECF Doc. No. 27, p. 8).  On July 23, 2021, NYLIAC filed its Reply to Defendant's Opposition (ECF Doc. No. 29).

### III. LEGAL ARGUMENT

The grant of leave to amend pleadings pursuant to Federal Rule Civil Procedure ("F.C.R.P.") Rule 15(a) is within the discretion of the court, however, it is "by no means automatic."  *Little v. Liquid Air Corp.,* 952 F.2d. 841, 845-46 (5th Cir. 1992), *rev'd on other grounds,* 37 F.3d 1069 (5th Cir. 1994).  A court should consider factors such as: (1) undue delay; (2) bad faith or dilatory motive; (3) repeated failure to cure deficiencies by previous amendments; (4) undue prejudice to the opposing party; and (5) futility of the amendment. *Smith v. EMC Corp.*,

393 F.3d 590, 595 (5th Cir. 2004) (citing *Rosenzweig v. Azurix Corp.*, 332 F.3d 854, 864 (5th Cir. 2003)).

With respect to the first, third, and fourth factors, Defendant should not be permitted to amend his answer and file a counterclaim where he has been the sole reason for the undue delay and prolonged litigation in this interpleader matter. Defendant had the opportunity to raise his alleged counterclaim on multiple opportunities when he filed his Answer and again when the parties discussed the factual and legal issues in the Rule 26 meeting and submitted the Joint Report. At this stage in litigation, the parties have clarified the inconsistent information regarding the various trusts that was originally provided to NYLIAC and agree that the Death Benefits should be paid to Defendant as trustee of the 2018 Living Trust. Sharon and Ken Britton, as trustees of the 2010 Family Trust clearly indicated in their Answer, Amended Answer, and Rule 26 Joint Report that they are willing to agree to the distribution of Death Benefits to the Defendant. After refusing to cooperate with NYLIAC's ongoing good faith efforts to facilitate payment to him, Shelton inexplicably refuses to resolve the matter in his favor.

Now, after all potential adverse claims are resolved, Shelton's motion to amend his pleading and file a counterclaim against NYLIAC is nothing more than a bad faith attempt to recoup attorneys' fees and costs that could have been avoided in the first place if he had cooperated in the parties' efforts to clarify the inconsistent documentary evidence as to which trust was the correct beneficiary, information that was in his sole possession and information he refused to provide. As such, Defendant is intentionally and needlessly seeking to prolong litigation in this matter, waste the Court's time, and incur unnecessary legal fees for all parties. This not only prejudices NYLIAC, as a neutral stakeholder who seeks merely to be dismissed from the action and discharged with respect to the Policy and Death Benefits, which have already been deposited

into the registry of the Court, but also the remaining defendants Sharon and Ken Britton, who do not desire to prolong the litigation and seek resolution of the matter.

Defendant's bad faith litigation tactics, as described above, may bar amendment if the movant was aware of certain facts but failed to plead them in order to gain a tactical advantage. *Sabre, Inc. v. Lyn-Lae Travel Corp,* 2003 WL 21339291, at *6 (N.D. Tx. June 5, 2003) (internal citations omitted); *Dussouy v, Gulf Coast Inv. Corp.,* 660 F.2d 594, 598 (5th Cir. 1981) ("where the movant first presents a theory difficult to establish but favorable, and only after that fails, a less favorable theory, denial of leave to amend on the grounds of bad faith may be appropriate.")

Because of Defendant's refusal to settle, NYLIAC had no choice but to file a Motion for Interpleader Relief to protect its interests and requested attorneys' fees due to the Defendant's improper prolonging and delay of resolution in this matter.  Defendant's argument in opposing NYLIAC's Motion for Interpleader Relief rests primarily on his tactic that there are no actual adverse claimants in this matter and only makes cursory mention of the Texas Insurance Code when opposing NYLIAC's request for attorneys' fees and costs (ECF Doc. No. 27).  Now that the Motion for Interpleader has been briefed, he files this instant Motion in order to change his tactic in opposing Interpleader and recoup his attorneys' fees and costs—costs that were incurred solely to due to his conduct and refusal to settle.  Given the pattern of the Defendant's uncooperative posture throughout the entire claims process and this instant litigation where matters could have been resolved in his favor, this bad faith attempt to change his tactics by attempting to assert another cause of action to recoup costs that were incurred solely due to his own conduct should be denied.

Even if the Defendant were allowed to file his amended answer with the counterclaim, it would be futile.  In the context of amended pleadings, futility means that "amended complaint

would fail to state a claim upon which relief can be granted." *Stripling v. Jordan Production Co.,* 234 F.3d 863, 872-73 (5th Cir. 2004). In order to determine whether an amended pleading is futile, courts must apply "the same standard of legal sufficiency as applies under Rule 12(b)(6)." *Id.* Therefore, the court must ask whether, in the light most favorable to the nonmoving party and with every doubt resolved in his or her behalf, the complaint states any valid claim for relief. *Id.*

Here, Defendant's counterclaim fails to state a claim upon which relief can be granted. As Exhibit 1, he attaches the amended answer with a counterclaim alleging that NYLIAC has violated Sections 542.055 and 542.058(c) of the Texas Insurance Code. Section 542.058(c) of the Texas Insurance Code states in relevant part:

> (c) A life insurer that receives notice of an adverse, bona fide claim to all or part of the proceeds of the policy before the applicable payment deadline under Subsection (a) shall pay the claim or properly file an interpleader action and tender the benefits into the registry of the court not later than the 90th day after the date the insurer receives all items, statements, and forms reasonably requested and required under Section 542.055.

*Tx. Ins. Code. § 542.058*

Section 542.055(a)-(b) of the Texas Insurance Code states that within 15 days of receiving notice of a claim, the insurer shall:

> (a) (1) acknowledge receipt of the claim;
> (2) commence any investigation of the claim; and
> (3) request from the claimant all items, statements, and forms that the insurer reasonably believes, at that time, will be required from the claimant.
>
> (b) An insurer may make additional requests for information if during the investigation of the claim the additional requests are necessary.

*Tx. Ins. Code. § 542.055*

In his amended counterclaim, Defendant alleges that he filed a claim on March 6, 2019 and "from all times forward from March 6, 2019, no competing claim was made against New York Life for the proceeds from the annuities." (ECF Doc. No. 30, Ex 1, ¶ 30) In viewing such

7

allegations in light most favorable to the nonmoving party, the counterclaim fails to state any valid claim for relief because it lacks any allegation that Defendant provided the requisite documents under Texas Insurance Code § 542.055 that would trigger the 90-day period.

Defendant, as trustee of the 2018 Living Trust, submitted a claim form dated March 6, 2019 asserting a claim the Policy A and Policy B Death Benefits. The 2018 Living Trust was not a designated beneficiary for either Policy A or B and Defendant asserted that the 2018 Living Trust was the only trust entitled to the Death Benefits. NYLIAC acted wholly reasonably in requesting a copy of the 2018 Living Trust document in order to verify his claim. Defendant's refusal to cooperate and provide such documentation rendered his claim incomplete and prevented a determination the Defendant had a viable claim to the Death Benefits because the 2018 Living Trust was not a designated beneficiary of record. NYLIAC, faced with the prospect of competing claims from the designated beneficiaries of record, the 2010 Living Trust and the 2010 Family Trust, and in the absence of any documentation that would validate Defendant's claim, then reasonably requested that Defendant execute a release and indemnification agreement that was necessary to protect NYLIAC from multiple liability in order to pay Defendant the Death Benefits. Defendant did not return the release. Therefore, the 90-day time frame in Section 542.058(c) was never triggered because NYLIAC reasonably requested and never received documentation and information that were necessary and required to complete Defendant's claim. Therefore, Defendant's counterclaim fails to state a claim for which relief can be granted and is futile.

For the reasons stated above, NYLIAC respectfully requests that the Court deny Defendant's Motion to File a Counterclaim.

Respectfully submitted,

*/s/ Linda G. Moore*
Linda G. Moore
State Bar No. 14359500
ESTES THORNE & CARR PLLC
3811 Turtle Creek Blvd. Suite 2000
Dallas, Texas 75219
(214) 599-4000 (telephone)
(214) 599-4099 (facsimile)
lmoore@estesthornecarr.com

*Counsel for Plaintiff*
*New York Life Insurance and Annuity Corporation*

## CERTIFICATE OF SERVICE

I hereby certify that on August 2, 2021, a true and correct copy of the foregoing document has been served on all counsel of record through the Court's CM/ECF system and on the following Defendants:

Harvey G. Joseph
Law Offices of Harvey G. Joseph
P.O. Box 810485
Dallas, Texas 75381-0485
Hjoseph197@aol.com

Sharon Britton
Mrs.sharon.britton@gmail.com

Ken Britton
Mr.ken.britton@gmail.com

*/s/ Linda G. Moore*
Linda G. Moore

9