IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| NEW YORK LIFE INSURANCE AND ANNUITY CORPORATION,<br><br>  Plaintiff,<br><br>v.<br><br>BARBARA BROWN FAMILY TRUST DTD 3/12/2010; BARBARA JEAN BROWN LIVING TRUST DTD 3/12/2010; SHARON KAY BRITTON AND KEN BRITTON, AS CO-TRUSTEES OF THE BARBARA JEAN BROWN FAMILY TRUST DTD 3/12/2010; BARBARA JEAN BROWN LIVING TRUST DTD 5/29/2018; BOB SHELTON, AS TRUSTEE OF BARBARA JEAN BROWN LIVING TRUST DTD 5/29/2018,<br><br>  Defendants. | § § § § § § § § § § § § § § § § § § § § § | Civil Action No.  4:21-cv-00490-O |

## ORDER

Before the Court are Plaintiff's Motion for Interpleader Relief (ECF No. 22), filed July 12, 2021; Defendant's Responses (ECF Nos. 26-27); Defendant Bob Shelton's Motion for Leave to File Counterclaim (ECF No. 30), filed July 27, 2021, and Plaintiff's Response (ECF No. 32), filed August 2, 2021. The Court finds the Motion for Interpleader Relief should be **GRANTED** and Plaintiff should be discharged from this statutory interpleader action. The Motion for Leave to File Counterclaim (ECF No. 30) should be **DENIED.**

This case involves a life insurance dispute. The deceased, Barbara Brown, listed a trust as the beneficiary of her life insurance proceeds. New York Life Insurance and Annuity Corporation ("NYLIAC") only received one claim to the proceeds, from Defendant Bob Shelton, who is a

beneficiary of one of the trusts Barbara Brown created during her lifetime. However, Shelton allegedly refused to comply with NYLIAC's requests for proof that the trust he is the beneficiary of was the *only* active trust Barbara Brown created[1]. NYLIAC then requested Shelton sign a release form indicating that if NYLIAC paid Shelton the benefits, it would not be liable if there was another beneficiary that could claim the benefits. Shelton refused to sign the release. Further, Shelton still has not provided the requested documentation. To shield itself from multiple liability, NYLIAC elected to file an interpleader action, deposited the proceeds with the Court, and now seeks to be discharged from the action and recover reasonable attorney's fees. Defendant Bob Shelton also seeks to file a counterclaim to assert bad faith claims under the Texas Insurance Code[2].

The Court determines whether the requirements for an interpleader action have been met by determining if there is a single fund at issue and whether there are, or may be, adverse claimants to that fund. *Rhoades v. Casey*, 196 F.3d 592, 600 (5th Cir. 1999). The burden is on the party seeking interpleader to demonstrate that the requirements are satisfied. *Fresh Am. Corp. v. Wal-Mart Stores, Inc.*, 393 F.Supp.2d 411 (N.D. Tex. 2005). If the court finds that the interpleader

---

[1] Sharon Kay Britton and Ken Britton are beneficiaries in another trust document created by Barbara Brown. However, that trust was never funded. NYLIAC is unsure if any other trusts exist, it alleges, because Bob Shelton has not provided proper documentation.

[2] Plaintiff argues that the amendment would be futile because Defendant's claim to the proceeds was incomplete, therefore its duties were not triggered under the Texas Insurance Code. "Defendant's refusal to cooperate and provide such documentation rendered his claim incomplete and prevented a determination the Defendant had a viable claim to the Death Benefits because the 2018 Living Trust was not a designated beneficiary of record. NYLIAC, faced with the prospect of competing claims from the designated beneficiaries of record, the 2010 Living Trust and the 2010 Family Trust, and in the absence of any documentation that would validate Defendant's claim, then reasonably requested that Defendant execute a release and indemnification agreement that was necessary to protect NYLIAC from multiple liability in order to pay Defendant the Death Benefits." ECF No. 32. The Court agrees that amendment would be futile. NYLIAC, in good faith, requested documentation to confirm that Bob Shelton was the proper beneficiary and he refused to provide what was requested. Shelton cannot now claim that NYLIAC was acting in bad faith in requesting the necessary information, or even in providing an alternative in signing a release from liability. Therefore, the Motion for Leave should be **DENIED.**

action has been properly brought, and the interpleader plaintiff is disinterested, the court may issue an order discharging the interpleader plaintiff and proceed to the second stage to decide the respective rights of the claimants. *Rhoades*, 196 F.3d at 600.

This interpleader action is proper because NYLIAC has identified a single fund at issue, and there are multiple potential beneficiaries to the fund. Because there is a dispute of whether the beneficiary listed in the life insurance policy is supposed to be the trust that Bob Shelton is the beneficiary of, there is a possibility for conflicting claims. NYLIAC properly brought this action to resolve the dispute between adverse claimants. Therefore, the Court hereby **ORDERS:**

1. New York Life Insurance and Annuity Corporation is discharged from any and all liability to Defendants Barbara Brown Family Trust DTD 3/12/2010; Barbara Jean Brown Living Trust DTD 3/12/2010; Sharon Kay Britton and Ken Britton, as co-Trustees of the Barbara Jean Brown Family Trust DTD 3/12/2010; Barbara Jean Brown Living Trust DTD 5/29/2018; and Bob Shelton, as Trustee of Barbara Jean Brown Living Trust DTD 5/29/2018 (collectively the "Defendants") relating to the Death Benefits, which have been deposited into the registry of this Court pursuant to Court Order dated May 4, 2021 (ECF Doc. No. 13), and/or NYLIAC Annuity Policy No. XXXX0198 and Annuity Policy No. XXXX9460 (the "Policies").

2. The Defendants shall be, and hereby are, permanently enjoined from instituting or prosecuting any claims or actions in any forum against NYLIAC with respect to the Death Benefits and/or the Policies;

3. NYLIAC shall be, and hereby is, dismissed from the above-captioned action with prejudice; and

4. After considering the appropriate factors, NYLIAC shall be awarded its attorneys' fees, disbursements, and costs incurred in connection with this action in the amount of $5,000, to be distributed to NYLIAC's counsel of record from the funds on deposit.

**SO ORDERED** on this **2nd day of August, 2021.**

_____
Reed O'Connor
**UNITED STATES DISTRICT JUDGE**