IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| NEW YORK LIFE INSURANCE AND ANNUITY CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>BARBARA BROWN FAMILY TRUST DTD 3/12/2010; BARBARA JEAN BROWN LIVING TRUST DTD 3/12/2010; SHARON KAY BRITTON AND KEN BRITTON, AS CO-TRUSTEES OF THE BARBARA JEAN BROWN FAMILY TRUST DTD 3/12/2010; BARBARA JEAN BROWN LIVING TRUST DTD 5/29/2018; BOB SHELTON, AS TRUSTEE OF BARBARA JEAN BROWN LIVING TRUST DTD 5/29/2018,<br><br>Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ Civil Action No. 4:21-cv-00490-O |

**DEFENDANT BOB SHELTON, AS TRUSTEE OF BARBARA JEAN BROWN LIVING TRUST DTD 5/29/2018'S RULE 59(e) MOTION TO ALTER OR AMEND JUDGMENT/MOTION FOR RECONSIDERATION AND BRIEF IN SUPPORT**

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

      Bob Shelton, as Trustee of the Barbara Jean Brown Living Trust DTD 5/29/2018 ("Shelton") files his Rule 59(e) Motion to Alter or Amend Judgment/Motion for Reconsideration and Brief in Support and would respectfully show the Court the following:

1

I.

**PORTIONS OF ORDER REQUESTED TO BE ALTERED OR AMENDED**

On August 2, 2021, this Court entered an Order that: (1) granted New York Life's (sometimes referred to as NYLIAC) Motion for Interpleader Relief; (2) discharged New York Life from the interpleader action; (3) permanently enjoined Defendants from instituting or prosecuting any claims or actions against New York Life with respect to the Death Benefits and/or the Policies; (4) dismissed New York life with prejudice; (4) awarded New York Life $5,000.00 in attorney's fees; (6) failed to award Shelton attorneys fees and costs; and (7) denied Shelton's Motion for Leave to Amend Answer and file a counterclaim against New York Life. Shelton moves that all of these actions be altered or amended.

II.

**RELEVANT FACTS**

On August 27, 2018, the annuitant in this case (Barbara Jean Brown) passed away, making her death benefits due and owing to the beneficiary, Bob Shelton, as Trustee of the Barbara Jean Brown Living Trust DTD 5/29/2018 ("Shelton"). Beginning on March 6, 2019, Shelton submitted a claim for the proceeds and included the necessary paperwork to process the claim. From March 6, 2019 until the day this Motion was filed, no other person or entity has made, threatened to make, suggested they might make, or even mused randomly about making a claim on these benefits. The only person to make a claim has been and continues to be Shelton.

Despite this undisputed fact, New York Life Insurance and Annuity Corporation ("NYLIAC") refused to pay the claim to Shelton. Their only excuse was that they worried about two potential "Trusts" made in 2010 in Arkansas, but the undisputed facts are that no one else (and most

importantly the other Defendants in this action, Ken and Sharon Britton) are unaware such Trusts even exist. (ECF No.18-1, paragraph 2). More importantly, Ken and Sharon Britton, the alleged co-trustees of these two alleged Arkansas Trusts, state unequivocally they do not intent to make a claim on the proceeds at issue in this case and that the proceeds should be distributed to Shelton. (ECF No. 18-1, paragraph 21, ECF No. 20, page 3). More importantly still, even, assuming *arguendo,* such Trust documents even exist, they are void under Arkansas law for failure of consideration as there is no evidence they were ever funded. See *Begier v. I.R.S.,* 496 U.S. 53, 62 (1990); *In re Collier,* 497 B.R. 877, 898-99 (E.D. Ark. 2013); *United Bldg & Loan Ass'n. v. Garnett,* 64 F.Supp. 460, 463 (W.D. Tex. 1946).

Nonetheless, on April 1, 2021, NYLIAC filed its Complaint in Interpleader. (ECF No. 1). On May 3, 2021, NYLIAC made its Motion to Deposit the funds into the registry of the court. (ECF No. 12). On May 4, 2021, the Court granted its Motion. (ECF No. 13). On May 10, 2021, Shelton timely filed an answer to the Complaint in Interpleader. (ECF No. 14). On July 12, 2021, NYLIAC filed its Motion for Interpleader Relief requesting it be discharged and have attorneys fees awarded to it. (ECF No. 22).

Under the local rules of the Northern District of Texas, Shelton would have had twenty-one (21) days to file his Response to the Motion for Interpleader Relief, or until August 2, 2021. See Local Rule 7.1(e). However, on July 16, 2021, the Court issued an Order that the Response be filed on or before July 21, 2021. (ECF No. 25). Under the local rules of the Northern District of Texas, NYLIAC would have fourteen days from the date the Response was filed to file their reply. See Local Rule 7.1(f). However, this same Order gave them two (2) days to file their Reply. (ECF No. 25). All parties complied with the Court imposed deadlines.

On July 27, 2021, Shelton filed his Motion for Leave to File a Counterclaim against NYLIAC. (ECF No. 30). Under local rule 7.1(e), NYLIAC would have had until August 17, 2021 to file its Response. However, on July 28, 2021, the Court issued an Order that the Response be filed on or before August 2, 2021. (ECF No. 31). NYLIAC filed its Response on the afternoon of August 2, 2021. (ECF No. 32). In this Court's July 28, 2021 Order, Shelton was given until August 5, 2021 to file his Reply to NYLIAC's Response to his Motion for Leave to File a Counterclaim. (ECF No. 31). However, at 4:46 p.m. on August 2, 2021, this Court issued an Order denying Shelton's Motion for Leave to File a Counterclaim. (ECF No. 33). Shelton would have timely filed a Reply to NYLIAC's Response to his Motion for Leave to File a Counterclaim had he been given an opportunity.

In the August 2, 2021 Order, the Court: (1) grants NYLIAC's Motion for Interpleader Relief; (2) discharged NYLIAC with prejudice from the Interpleader action; (3) permanently enjoined Defendants from instituting or prosecuting any claims against NYLIAC with respect to the Death Benefits or the policies; (4) awarded NYLIAC attorneys fees of $5,000.00; (5) failed to award Shelton attorneys fees and costs; and (6) denied Shelton's Motion for Leave to File a Counterclaim against NYLIAC. (ECF No. 33).

### III.
### LEGAL ARGUMENTS AND AUTHORITIES

**a.      No valid Interpleader Action**

Interpleader originated at common law but its primary development and principles occurred in equity where the use of interpleader was most common. *Commercial Union Ins. Co., v. U.S.*, 999 F.2d 581, 588 (D.C. Cir. 1999). Interpleader is a device that allows a party in possession of money

or property belonging to another to join two or more parties asserting mutually exclusive claims to the property or fund in a single suit, thereby freeing the stakeholder from multiple liability. *Corrigan Dispatch Co. v. Casa Guzman, S.A.*, 696 F.2d 359, 363-64 (5th Cir. 1983); *State Farm Life Insurance Company v. Bryant,* 2019 WL 7938266 at * 9 (N.D. Tex. 2019).

Courts resolve an interpleader action through a two-step process. *Auto Parts Mfg. Miss. Inc. v. King Const. of Houston, L.L.C.,* 782 F.3d 186, 193 (5th Cir. 2015). In the first stage, the district court decides whether the requirements for an interpleader action have been met by determining if there is a single fund at issue and whether there are multiple adverse claimants to that fund. *Id; Rhoades v. Casey*, 196 F.3d 592, 600 (5th Cir. 1999). As a prerequisite to a proper interpleader action, the stakeholder (NYLIAC) had to produce sufficient evidence that it legitimately feared double or multiple claims directed against it. *Airborne Freight Corp. v. United States*, 195 F.3d 238, 240 (5th Cir. 1999); *State Farm Life Insurance Company v. Bryant*, 2019 WL 7938266 at * 9 (N.D. Tex. 2019). NYLIAC had the burden of proof of demonstrating that the requirements for interpleader have been satisfied. *Dunbar v. United States,* 502 F.2d 506, 511 (5th Cir. 1974).

NYLIAC failed in its burden of proof that it legitimately feared claims by multiple adverse claimants because the evidence is undisputed that there was only one claimant to the funds from the inception of Ms. Brown's death until today, and that claimant is Bob Shelton, as Trustee of Barbara Jean Brown living Trust DTD 5/29/2018. (ECF No. 18-1, paragraphs 2 and 21, ECF No. 20, page 3). See also *Begier v. I.R.S.,* 496 U.S. 53, 62 (1990); *In re Collier*, 497 B.R. 877, 898-99 (E.D. Ark. 2013). Consequently, an interpleader action was not properly brought and an Order discharging NYLIAC should not have been entered. This Motion should be granted on these issues and the Order altered or amended to deny NYLIAC's Motion for Interpleader Relief.

Assuming, *arguendo*, the second step in the two-step process is reached, that step is determining the rights of the parties claiming entitlement to the fund or property at issue. *Rhoades*, 196 F.3d at 600.

Statutory interpleader is proper when a (1) stakeholder has a single fund worth at least $500; (2) where two or more adverse claimants with diverse citizenship are competing for that fund; and (3) the stakeholder has deposited the funds in the Court's registry. 28 U.S.C. Section 1335(a)(2005); *Jackson National Life Insurance Company v. Dobbins,* 2016 WL 4268770 at * 1 (N.D. Tex. 2016). NYLIAC failed to properly bring a statutory interpleader action because there is no evidence that two or more adverse claimants are competing for the funds. All agree and have always agreed the proper claimant is Shelton. (ECF No. 18-1, paragraphs 2 and 21, ECF No. Page 3).

In this regard, it must also be pointed out that NYLIAC's lack of good faith is apparent in that in its Complaint, its two basis for jurisdiction were (1) 28 U.S.C. Section 1335(a) which is inapplicable because there were never two or more adverse claimants; and (2) 28 U.S.C. Section 1332 based upon an amount in controversy that exceeds $75,000.00. (ECF No.1, paragraphs 8 and 9). This section is inapplicable because the undisputed evidence is that the funds total $48,518.22. Even taking into account their request for $15,754.00 in attorneys' fees and costs, the combination of those two sums still falls far short of $75,000.00.  In their Complaint, they  cite no other grounds for jurisdiction. Again, this Motion should be granted and the Order altered or amended to deny NYLIAC's Motion for Interpleader Relief..

    **b.**    **NYLIAC not Entitled to Attorneys Fees and Costs**

Federal interpleader actions are authorized by statutes and also by rules of civil practice and procedure. *See Noeller v. Metropolitan Life Ins. Co.*, 190 F.R.D. 202, 206 (E.D. Tex. 1999).

Attorneys' fees and costs are not referenced in either the statutes or the implementing rule. *Id.* Nonetheless, sitting in equity, federal courts may award attorneys' fees in appropriate cases if it is fair and equitable to do so. *Corrigan Dispatch Co. v. Casa Guzman*, 696 F.2d 359, 364 (5th Cir. 1983).

Courts only award attorneys' fees and costs to the stakeholder when the interpleader action is valid and successful. *Murphy v. Travelers Insurance Co.*, 534 F.2d 1155, 1164 (5th Cir. 1976).

There are five (5) relevant factors in determining whether to award attorneys' fees in an interpleader action. These are: (1) whether the case is simple or involved; (2) whether the stakeholder performed any unique services for the claimants or the court; (3) whether the stakeholder acted in good faith and with diligence; (4) whether the services rendered benefitted the stakeholder; and (5) whether the claimants improperly protracted the proceedings. *New York Life Ins. v. Annuity Corp. v. Cannatella*, 550 Fed. Appx. 211, 217 (5th Cir. 2013); *Royal Indem. Co. v. Bates,* 307 Fed. Appx. 801, 806 (5th Cir. 2009) (per curiam).

Many courts, including federal courts in Texas (and at least in one case the Fifth Circuit), question whether an award of fees is appropriate in an interpleader involving insurance proceeds, noting the resolution of competing claims to the benefits of an insurance policy is in the ordinary course of business for an insurance company (like NYLIAC). *See e.g. Great America Life Insurance Company v. Smith*, 2015 WL 13715589 at * 3 (W.D. Tex. 2015); *Certain Underwriters at Lloyd's London v. Moran,* 2011 WL 3235469 at * 1 (W.D. Tex. 2011)(denying request for attorneys fees and costs); *Travelers Indem. Co. v. Israel*, 354 F.2d 488, 490 (2nd Cir. 1965)(stakeholder may not transfer its ordinary cost of doing business by bringing action in interpleader); *New York Life Ins. & Annuity Corp. v. Cannatella,* 2012 WL 405089 at * 3 (E.D. La. 2012), *aff'd* 550 Fed. Appx. 211 (5th Cir.

7

2013) (declining to award attorneys' fees incurred in bringing "simple interpleader" as "merely an ordinary cost of business for an insurance company"); *Correspondent Servs. Corp. v. J.V.W. Invs. Ltd.*, 204 F.R.D. 47, 49 (S.D.N.Y. 2001) (recognizing ordinary course of business exception to award of attorneys' fees and expenses to stakeholder in interpleader action); *USAA Life Ins. Co., Inc. v. Space,* 2015 WL 3407323 at * 5 (W.D. Ky. 2015) ( denial of insurance company's request for fees and costs in interpleader action as court is not impressed with the notion that whenever a minor problem arises in the payment of insurance proceeds, insurers may, as a matter of course, transfer a part of their ordinary cost of doing business to their insureds); *Humana Insurance Company of Kentucky v. O'Neal*, 2017 WL 3015173 at * 7 (E.D. Ky. 2017) (same); *Hogan v. Jackson Life Ins. Co.,* 142 F.Supp.3d 220, 222-23 (D.R.I. 2015) (courts should closely scrutinize insurance company's request for attorneys fees and costs in interpleader action as insurers enter into policy disputes as an ordinary and expected course of doing business and can and do plan for interpleader actions as a regular business expense and work the cost of interpleader actions into their policy premiums); *Chase Manhattan Bank v. Mandalay Shores Co-op. Hous. Ass'n, Inc.,* 21 F.3d 380, 383 (11th Cir. 1994) (same); *Aaron v. Mahl,* 550 F.3d 659, 667 (7th Cir. 2008) (same).

  NYLIAC's request for attorneys' fees and expenses is especially outrageous given that they were never subject to double liability because there were never multiple claimants seeking the annuities that were interpleaded into the registry of this court.

  Even in those cases where attorneys fees are awarded, the award is to be "modest" and "light" because every dollar paid to the insurance company is one dollar less paid to the rightful beneficiary. *See Certain Underwriters at Lloyd's London v. Moran,* 2011 WL 3235469 at * 1 (W.D. Tex. 2011) (even had attorneys' fees been awarded, fees of almost 5% of the interpleaded funds ($1,665.00) were

excessive); *Great American Life Insurance Company v. Smith*, 2015 WL 13715589 at * 3 (W.D.Tex. 2015) (court troubled by an attorneys' fee award request by insurance company of $2,500.00 when policy was only $25,000.00 dollars); *Midland National Life Insurance Company v. Wilkes,* 2020 WL 429206 at * 2 (M.D.N.C. 2020) (Courts treat with skepticism requests for fee awards that would substantially reduce the proceeds available to the beneficiary); *Noeller v. Metropolitan Life Ins. Co.,* 190 F.R.D. 202, 207 (E.D. Tex. 1999) (Fee award, if at all, must be "modest" because all that is necessary is the preparation of a petition, the deposit in court or posting of a bond, service on the claimants, and the preparation of an order discharging the stakeholder).

This is a simple case, NYLIAC performed no unique services, NYLIAC did not act in good faith or with due diligence, indeed the Texas Insurance Code requires NYLIAC to interplead within 90 days of any competing claims (see Section 542.058(c)), the services rendered by counsel for NYLIAC benefitted NYLIAC, not the claimant, and the claimant(s) have not improperly protracted the proceedings. Attorneys' fees and costs in the amount of $5,000.00 should not have been awarded NYLIAC. *See Certain Underwriters at Lloyd's London v. Moran,* 2011 WL 3235469 (W.D. Tex. 2011); *Travelers Indemnity Co. v. Israel,* 354 F.2d 488, 490 (2nd Cir. 1965). In the alternative, the amount of $5,000.00 in attorneys fees is still excessive and should be reduced. This Motion should be granted on this issue and the Order altered or amended to remove the award of attorneys fees and costs to NYLIAC.

    c.    **Shelton Entitled to Attorneys Fees**

For all the many reasons stated above, NYLIAC never had a valid interpleader action and they did not act in good faith in filing this action. Instead of properly paying Shelton when he applied

for the proceeds in March of 2019, NYLIAC strung him along for over two years before dragging him involuntarily into this court.

Consequently, NYLIAC's actions have caused Shelton to incur attorneys' fees which Shelton requests be awarded to him. He provided prove of his fees in the Appendix to his Response to the Motion for Interpleader Relief. The Order of August 2, 2021 failed to award Shelton his fees. (ECF No. 33). This Motion should be granted and the Order altered or amended to include his fees.

### d. Motion for Leave to File a Counterclaim should have been granted

Such a Motion is governed by Federal Rule of Civil Procedure 15(a)(2). Rule 15(a)(2) states that, in pertinent part, that "The court should freely give leave when justice so requires" and the United States Supreme Court states that "this mandate is to be heeded." *Foman v. Davis,* 371 U.S. 178, 182 (1962). The only exceptions to granting leave to amend are in the extraordinary circumstances of where there exists undue prejudice to the non-moving party, bad faith, undue delay, repeated failure to cure deficiencies by amendments previously allowed, futility of amendment, or a dilatory motive on the part of the moving party. *Foman, supra; Whitley v. Hanna,* 726 F.3d 631, 648 (5th Cir. 2013); *Frantz Design, Inc. v. Diamond Orthotic Laboratory, LLC,* 2020 WL 10314642 at * 1 (W.D. Tex. 2020); *Macklin v. Petrolia Consol. I.S.D.,* 2014 WL 4815721 at * 2 (N.D. Tex. 2014).

The good cause standard for amendment of pleadings only applies if the party seeks to amend a pleading after the date specified in the scheduling order. *Frantz Design, Inc., supra.* A motion for leave should not be denied "unless there is a substantial reason to do so." *Leffall v. Dallas Indep. Sch. Dist.*, 28 F.3d 521, 524 (5th Cir. 1994); *Macklin, supra*.

Shelton requested leave to amend his Answer to include a counterclaim against NYLIAC for violation of Section 542.058 of the Texas Insurance Code for not timely interpleading the funds if, in fact, an action for Interpleader was proper. While Shelton believes an action in Interpleader was not proper, to protect his rights Shelton requested leave to file a Counterclaim. (ECF No. 30)

Section 548.058(c) requires a life insurance company to file an interpleader action and deposit the funds into the registry of the court within ninety (90) days if the life insurer receives notice of an adverse, bona fide claim to all or part of the proceeds of the policy. That is, within 90 days of the company having risk of two or more adverse claimants making a claim to the same proceeds. While Shelton does not believe two or more adverse claimants have ever made such a claim, making the Interpleader action invalid, assuming, *arguendo,* such occurred by the different trusts, such occurred much longer than 90 days before New York Life filed the Interpleader action and deposited the funds into the registry of the court, which violated Chapter 542 of the Texas Insurance Code.

Such a claim for a violation of 542.058 is also independent of the Interpleader action and independent of Shelton's claim to the interpleaded funds. As such, this cause of action would still be allowed to proceed regardless of the ruling on the Motion for Interpleader relief. *United of Omaha Life Insurance Company v. Womack-Rodriguez*, 461 F.Supp.3d 455, 477-78 (W.D. Tex. 2020).

For all of the reasons stated in this section of the Motion, The Motion for Leave to File a Counterclaim should have been granted yet it was denied by this Court in its August 2, 2021 Order. (ECF No. 33). The Order should be altered or amended to grant the Motion for Leave to File a Counterclaim.

11

  e. **Permanent Injunction should not have been entered**

In this Court's August 2, 2021 Order, the Court states "The Defendants shall be, and hereby are, permanently enjoined from instituting or prosecuting any claims or actions in any forum against NYLIAC with respect to the Death Benefits and/or the Policies" (ECF No. 33). The only statutory basis or support for such an injunction is if the Interpleader action is valid and the Motion for Interpleader Relief is supported by sufficient evidence to support the validity of the Interpleader action. In this case, the Interpleader action is not valid and the permanent injunction must also fail. This Motion should be granted and the Order altered or amended to remove the permanent injunction.

IV.

**PRAYER**

For the reasons stated above, Bob Shelton, as Trustee of Barbara Jean Brown Living Trust DTD 5/29/2018, respectfully requests that his Rule 59(e) Motion to Alter or Amend Judgment/ Motion for Reconsideration be granted.

                Respectfully submitted,

                /s/ Harvey G. Joseph
                HARVEY G. JOSEPH
                State Bar No. 11027850
                **LAW OFFICES OF HARVEY G. JOSEPH**
                P.O. Box 810485
                Dallas, Texas 75381-0485
                (214) 769-6078 (telephone)
                (214) 426-1246 (facsimile)
                hjoseph197@aol.com
                ATTORNEY FOR BOB SHELTON, AS TRUSTEE OF BARBARA JEAN BROWN LIVING TRUST DTD 5/29/2018

## CERTIFICATE OF CONFERENCE

While this Motion may not require a certificate of conference under the Local Rules, in an abundance of caution the undersigned personally conferred with counsel for NYLIAC who is opposed to the granting of this Motion. The undersigned personally conferred with co-defendants Sharon and Ken Britton via Sharon Britton. Sharon Britton informed me that she had hired counsel named Lisa Jamieson but as of the filing of this Motion Ms. Jamieson has not entered a Notice of Appearance. The undersigned then attempted to confer with Ms. Jamieson but was unable to reach her and the time constraints require this Motion to be filed. The undersigned will supplement this Certificate of Conference as soon as he is able to confer with Ms. Jamieson.

      /s/    Harvey G. Joseph
HARVEY G. JOSEPH

## CERTIFICATE OF SERVICE

This is to certify that on this, the 26th day of August, 2021, a true and correct copy of the foregoing document has been personally served, as indicated below:

| | |
|---|---|
| Ms. Linda G. Moore<br>**ESTES THORNE & CARR PLLC**<br>3811 Turtle Creek Blvd. Suite 2000<br>Dallas, Texas 75219<br>lmoore@estesthornecarr.com | ✔ Via Electronic Service<br>___ Via Certified Mail, RRE<br>___ Via Facsimile<br>___ Via Regular Mail |
| Sharon Kay Britton and Ken Britton<br>267 South Sunset Dr.<br>Littleton, North Carolina 27850<br>Mrs.sharon.britton@gmail.com<br>Mr.ken.britton@gmail.com | ✔ Via Electronic Service<br>___ Via Certified Mail, RRE<br>___ Via Facsimile<br>___ Via Regular Mail |

      /s/    Harvey G. Joseph
HARVEY G. JOSEPH