IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| NEW YORK LIFE INSURANCE AND ANNUITY CORPORATION, | § § § | |
| Plaintiff, | § § | |
| v. | § § | |
| BARBARA BROWN FAMILY TRUST DTD 3/12/2010; BARBARA JEAN BROWN LIVING TRUST DTD 3/12/2010; SHARON KAY BRITTON AND KEN BRITTON, AS CO-TRUSTEES OF THE BARBARA JEAN BROWN FAMILY TRUST DTD 3/12/2010; BARBARA JEAN BROWN LIVING TRUST DTD 5/29/2018; BOB SHELTON, AS TRUSTEE OF BARBARA JEAN BROWN LIVING TRUST DTD 5/29/2018, | § § § § § § § § § § § § § § § | Civil Action No.  4:21-cv-00490-O |
| Defendants. | § § | |

### ORDER

Before the Court is Defendant Bob Shelton's Motion for Reconsideration (ECF No. 34), filed August 26, 2021. The Motion should be **DENIED.**

This case involves a life insurance dispute. The deceased, Barbara Brown, listed a trust as the beneficiary of her life insurance proceeds. New York Life Insurance and Annuity Corporation ("NYLIAC") only received one claim to the proceeds, from Defendant Bob Shelton, who is a beneficiary of one of the trusts Barbara Brown created during her lifetime. However, Shelton allegedly refused to comply with NYLIAC's requests for proof that the trust he is the beneficiary

of was the *only* active trust Barbara Brown created[1]. NYLIAC then requested Shelton sign a release form indicating that if NYLIAC paid Shelton the benefits, it would not be liable if there was another beneficiary that could claim the benefits. Shelton refused to sign the release. Further, Shelton still has not provided the requested documentation. To shield itself from multiple liability, NYLIAC elected to file an interpleader action, deposited the proceeds with the Court, and sought to be discharged from the action and recover reasonable attorney's fees. The Court granted NYLIAC all of its requested relief. Defendant Bob Shelton also sought to file a counterclaim to assert bad faith claims under the Texas Insurance Code[2] and the Court denied that request. Defendant Bob Shelton filed a motion for reconsideration.

When the Court is asked to reconsider an order other than a final judgment, that reconsideration is usually governed by Federal Rule of Civil Procedure 54(b), as opposed to Rule 59 or Rule 60. *See Austin v. Kroger Tex., L.P.*, 864 F.3d 326, 336 (5th Cir. 2017). "Rule 54(b) allows parties to seek reconsideration of interlocutory orders and authorizes the district court to 'revise[] at any time' 'any order or other decision . . . [that] does not end the action.'" *Id.* (quoting Fed. R. Civ. P. 54(b)). The Rule allows a district court "to reconsider and reverse its decision for

---

[1] Sharon Kay Britton and Ken Britton are beneficiaries in another trust document created by Barbara Brown. However, that trust was never funded. NYLIAC is unsure if any other trusts exist, it alleges, because Bob Shelton has not provided proper documentation.

[2] Plaintiff argued that the amendment would be futile because Defendant's claim to the proceeds was incomplete, therefore its duties were not triggered under the Texas Insurance Code. "Defendant's refusal to cooperate and provide such documentation rendered his claim incomplete and prevented a determination the Defendant had a viable claim to the Death Benefits because the 2018 Living Trust was not a designated beneficiary of record. NYLIAC, faced with the prospect of competing claims from the designated beneficiaries of record, the 2010 Living Trust and the 2010 Family Trust, and in the absence of any documentation that would validate Defendant's claim, then reasonably requested that Defendant execute a release and indemnification agreement that was necessary to protect NYLIAC from multiple liability in order to pay Defendant the Death Benefits." ECF No. 32. The Court agrees that amendment would be futile. NYLIAC, in good faith, requested documentation to confirm that Bob Shelton was the proper beneficiary and he refused to provide what was requested. Shelton cannot now claim that NYLIAC was acting in bad faith in requesting the necessary information, or even in providing an alternative in signing a release from liability. The Court denied Defendant's motion for leave to file a counterclaim on that basis.

any reason it deems sufficient, even in the absence of new evidence or an intervening change in or clarification of the substantive law." *Id.* (quoting *Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167, 185 (5th Cir. 1990), *abrogated on other grounds by Little v. Liquid Air Corp.*, 37 F.3d 1069 (5th Cir. 1994) (en banc)). This flexibility is premised on "the interlocutory presentation of new arguments as the case evolves." *Id.* (quoting *Cobell v. Jewell*, 802 F.3d 12, 25–26 (D.C. Cir. 2015)).

While "the precise standard for evaluating a motion to reconsider under Rule 54(b) is unclear, whether to grant such a motion rests within the discretion of the court." *Dallas County v. MERSCORP, Inc.*, 2 F. Supp. 3d 938, 950 (N.D. Tex. 2014) (citation omitted), *aff'd sub nom. Harris County v. MERSCORP, Inc.*, 791 F.3d 545 (5th Cir. 2015). And "[e]ven though the standard for evaluating a motion to reconsider under Rule 54(b) would appear to be less exacting than that imposed by Rules 59 and 60, considerations similar to those under Rules 59 and 60 inform the Court's analysis." *Id.* (cleaned up). Thus, while the Court is not limited under Rule 54(b) to reversing a ruling only in the case of a manifest error of law or newly discovered evidence, those guideposts are informative to the Court's reconsideration of a pre-final-judgment order.

The Court determines whether the requirements for an interpleader action have been met by determining if there is a single fund at issue and whether there are, or may be, adverse claimants to that fund. *Rhoades v. Casey*, 196 F.3d 592, 600 (5th Cir. 1999). The burden is on the party seeking interpleader to demonstrate that the requirements are satisfied. *Fresh Am. Corp. v. Wal-Mart Stores, Inc.*, 393 F.Supp.2d 411 (N.D. Tex. 2005). If the court finds that the interpleader action has been properly brought, and the interpleader plaintiff is disinterested, the court may issue an order discharging the interpleader plaintiff and proceed to the second stage to decide the respective rights of the claimants. *Rhoades*, 196 F.3d at 600.

For the same reasons as previously stated, this interpleader action is proper because NYLIAC has identified a single fund at issue, and there are multiple *potential* beneficiaries to the fund. Because there is a dispute of whether the beneficiary listed in the life insurance policy is supposed to be the trust that Bob Shelton is the beneficiary of, there is a possibility for conflicting claims. NYLIAC properly brought this action to resolve the dispute between adverse claimants. Defendant Shelton argues that he is entitled to the proceeds, on the merits. While that may be true, that does not render NYLIAC's interpleader action improper, because the entire purpose of statutory interpleader is to insulate NYLIAC from liability if there are multiple potential beneficiaries. Defendant's Motion for Reconsideration must be **DENIED.**

**SO ORDERED on this 14th day of September, 2021.**

_____
Reed O'Connor
**UNITED STATES DISTRICT JUDGE**