UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

---

**NEW YORK LIFE INSURANCE
AND ANNUITY CORPORATION,**

           **Plaintiff,**                       **Case No.: 4:21-cv-490-O**

**v.**

**Barbara Brown Family Trust DTD 3/12/2010;
Barbara Jean Brown Living Trust DTD 3/12/2010;
Sharon Kay Britton and Ken Britton, as co-Trustees of the
Barbara Jean Brown Family Trust DTD 3/12/2010;
Barbara Jean Brown Living Trust DTD 5/29/2018; Bob Shelton,
as Trustee of Barbara Jean Brown Living Trust DTD 5/29/2018,**

           **Defendants.**

---

### PLAINTIFF'S RESPONSE TO DEFENDANT BOB SHELTON'S AGREED MOTION TO WITHDRAW FUNDS FROM THE REGISTRY OF THE COURT

Plaintiff, New York Life Insurance and Annuity Corporation (the "NYLIAC"), by and through

its undersigned counsel, having interpleaded the funds with the Registry of the Court (ECF Doc. No.

13), submits a response to Defendant Bob Shelton's Agreed Motion to Release Interpleaded Funds to

Bob Shelton, As Trustee of Barbara Jean Brown Living Trust DTD 5/29/2018 ("Motion to Release

Interpleader Funds").

**1. Relevant Procedural Background**

This is an interpleader action commenced by NYLIAC when it faced conflicting claims to death

benefits due upon the death of Barbara Jean Brown ("Annuitant') under two annuity policies: Annuity

Policy No. XXXX9460 ("Policy A") and Annuity Policy NO. XXX0198 ("Policy B").   On or about

May 10, 2021, pursuant to the Court's Order (ECF Doc. No. 13), NYLIAC deposited two checks with

the registry of the Court:(1) one in the amount of $14,436.86 representing Policy A death benefits plus applicable interest; and (2) another in the amount of $34,081.36 representing Policy B death benefits plus applicable interest with the registry of the Court, for a total sum of $48,518.22 ("Interpleader Funds").  On or about August 2, 2021, the Court granted NYLIAC's Motion for Interpleader Relief and related Attorney's Fees by (1) discharging NYLIAC of liability in connection with the Interpleader Funds and the Annuity Policies; (2) permanently enjoining the Defendants from prosecuting any claims or actions against NYLIAC with respect to the Interpleader Funds and/or the Policies; (3) dismissing NYLIAC from this action with prejudice and (4) granting reasonable attorney's fees to NYLIAC in the amount of $5,000.00 ("August 2 Order") (ECF Doc. No. 33).   In the August 2 Order, the Court also denied Defendant Bob Shelton's Motion for Leave to file a Counterclaim.

On or about August 27, 2021, Defendant Bob Shelton subsequently filed a Motion to Alter or Amend Judgment/Motion for Reconsideration of the August 2 Order ("Motion for Reconsideration") (ECF Doc. No. 34).  On or about September 14, 2021, the Court denied the Motion for Reconsideration ("September 14 Order") (ECF Doc. No. 36).  On October 13, 2021, Defendant Bob Shelton filed a Notice of Appeal of the Court's August 2 Order and September 14 Order.   The Appeal was accepted by the Fifth Circuit and a briefing schedule has been established with Bob Shelton's Appellant's Brief due on December 22, 2021

## 2. NYLIAC, as neutral stakeholder, does not take a position with respect to whom the Death Benefits are distributed

Since the commencement of this interpleader action, NYLIAC asserts that it is a neutral stakeholder to the Interpleader Funds that seeks to protect itself from multiple liability to a single fund. *In re Bohart*, 743 F.2d at 324; *see also Wausau Insur. Co. v. Gifford*, 954 F.2d 1098, 1100-01 (5th Cir. 1992).   As stated in their Answers and filed Joint Report much earlier on in this litigation, Defendants

Sharon Britton and Ken Britton, as trustees of the Barbara Jean Brown Family Trust dated March 12, 2010, made clear that they were willing to stipulate to the distribution of the Death Benefits to the 2018 Living Trust as Defendant Bob Shelton desired (ECF Docs. No. 17-18, and 20).   In subsequent phone conversations following the filing of this Motion to Withdraw Interpleader Funds, counsel for Defendant Bob Shelton clarified and represented that this instant Motion does not seek to withdraw the portion of the Interpleader Funds representing the $5,000 the Court awarded to NYLIAC for its attorney's fees.  Additionally, there is currently no motion to stay the Court's judgment(s) nor a motion to seek an injunction pending the appeal pursuant to the Federal Rules of Appellate Procedure Rule 8.[1]

As such, NYLIAC takes no position with respect to whom the Interpleader Funds are distributed, less the $5,000 awarded to NYLIAC pursuant to the Court's August 2 Order.

Dated: December 21, 2021

Respectfully Submitted,

/s/ *Linda G. Moore*
Linda G. Moore
State Bar No. 14359500
ESTES THORNE & CARR PLLC
3811 Turtle Creek Blvd. Suite 2000
Dallas, Texas 75219
(214) 599-4000 (telephone)
(214) 599-4099 (facsimile)
lmoore@estesthornecarr.com

*Counsel for Plaintiff*
*New York Life Insurance and Annuity Corporation*

---

[1] Fed. R. App. Pro. 8 states in relevant part: "a party must ordinarily move first in the district court for the following relief: (A) a stay of the judgment or order of a district court pending appeal; (B) approval of a bond or other security provided to obtain a stay of judgment; or (C) an order suspending, modifying, restoring, or granting an injunction while an appeal is pending."

## CERTIFICATE OF SERVICE

I hereby certify that on December 21, 2021, a true and correct copy of the foregoing document has been served on all counsel of record through the Court's CM/ECF system:

Harvey G. Joseph
Law Offices of Harvey G. Joseph
P.O. Box 810485
Hjoseph197@aol.com

Sharon Britton
Mrs.sharon.britton@gmail.com

Ken Britton
Mr.ken.britton@gmail.com

/s/ Linda G. Moore
Linda G. Moore